# CHARLESTON.

### STATE v. WILLIAM (HOMER) RICHARDS

Submitted April 18, 1922.     Decided April 25, 1922.

CRIMINAL LAW—*Party Convicted of Crime Can Appeal Upon Application in Reasonable Time; and What is Reasonable Time Depends Upon Circumstances.*

> A person who has been convicted of crime in a Justice's court and sentenced to confinement in jail and to pay a fine, is entitled to an appeal upon application therefor within a reasonable time after sentence.   What is a reasonable time depends upon the facts and circumstances of each case.   A case where application made 18 days after sentence is held to be within a reasonable time.

Error to Circuit Court, Ritchie County.

William (Homer) Richards was convicted in the justice court for violation of the state prohibition laws, and his motion for appeal to the circuit court was denied by the justice, and he petitioned the circuit court where a demurrer to his petition was sustained, and his application for appeal refused, and he brings error.

<em>Reversed and remanded.</em>

*Robert S. Blair,* for plaintiff in error.

*E. T. England,* Attorney General, *R. Dennis Steed,* Assistant Attorney General, and *Thos. J. Davis,* Prosecuting Attorney of Harrisville, for the State.

LIVELY, JUDGE:

On December 13, 1921, defendant  was sentenced by a Justice of the Peace to confinement in the county jail for the period of ninety days and to pay a fine of $200.00 as punishment for violation of the state prohibition laws.   He was tried on the day of his arrest, had no counsel and was immediately taken to jail, some miles distant, in the custody of the sheriff.   On December 31, 1921, his attorney appeared before the Justice and moved for an appeal.   The hearing

of the motion was continued from time to time until January 25, 1922, when the motion was denied on the ground that application for appeal had not been made within a reasonable time after sentence. Defendant immediately applied by petition to the circuit court, setting out therein his trial and conviction, and the proceedings before the Justice for an appeal resulting in refusal, averring that he was ignorant of legal forms and proceedings, had a good and sufficient defense of the charge lodged against him, and that he was entitled to a trial by a common law jury, and that he had been confined in jail and was thereby prevented from making prompt application for appeal. A demurrer to the petition was sustained, the application for appeal refused, and defendant now prosecutes this writ of error.

The controlling question is: Did defendant apply for appeal within a reasonable time after conviction and sentence? An affirmative answer will grant the relief sought, a negative answer will sustain the lower court's action.

A preliminary question raised by counsel for the State is that mandamus is the proper remedy, and that writ of error will not lie. This contention is disposed of in *Nicely* v. *Butcher*, 81 W. Va. 247, and in *State* v. *Emsweller*, 78 W. Va. 215, wherein it was held that upon refusal of a Justice to grant an appeal in such cases, the appropriate remedy was by petition to the court having jurisdiction to review, and upon refusal of the latter, by writ of error to this court.

It is also contended that the petition to the circuit court stating that application for an appeal was made on December 31st is contradicted by the excerpt from the Justice's docket filed as an exhibit therewith which shows that the motion was not made until January 25, 1922, a month and twelve days after conviction and sentence, and that the latter should govern. A full transcript of the Justice's docket was not before the circuit court, but is filed with the petition for writ of error. It shows that the application for appeal was made on December 31st. But if we cannot look to this full transcript, we think the allegation in the petition, which is sworn to, that such application was made on December 31st would be superior, in matters of this char-

acter, to the excerpt from the Justice's docket, which does not purport to be the complete record.    It must be remembered that this is an application for appeal, wherein statutes regulating it are construed liberally in order to preserve unimpaired the constitutional right of trial by jury. We think a like liberality should be applied in construing the averments of the petition with the alleged inconsistency of the excerpt from the Justice's docket.    But are they inconsistent ?    The excerpt says that the motion then made was in pursuance of the notice for an appeal made on the 31st of December, "the hearing upon which notice and *motion* being thenceforward continued until today." We think it reasonably clear that the motion for appeal was made on the 31st of December, eighteen days after sentence, and not on January 25th, or one month and twelve days thereafter.

We come to the salient and controlling question.    Was the motion made eighteen days after sentence, within a "reasonable time" under the constitution and laws governing criminal trials, in view of the circumstances disclosed by the record ?    Section 14 of Art. 3 of the constitution provides: "Trial of crimes and misdemeanors unless herein otherwise provided, shall be by a jury of twelve men. * * * In all such trials, the accused shall be fully and plainly informed of the character and cause of the accusation, and be confronted with the witnesses against him, and shall have the assistance of counsel and a reasonable time to prepare for his defense."    In order to accord defendant this constitutional right of jury trial he is entitled to an appeal from the Justice's court to a court having jurisdiction and where such jury may be impanelled.    *Richmond* v. *Henderson,* 48 W. Va. 389; *Vetock* v. *Hufford,* 74 W. Va. 785, citing *Capital Traction Co.* v. *Hof,* 174 U. S. 13.    But in sec. 28 of Article 8, Const., Justices of the Peace are given "such jurisdiction and powers in criminal cases as may be prescribed by law"; and "appeals shall be allowed from judgments of Justices of the Peace in such manner as may be prescribed by law."    What time has been fixed by law in which an appeal may be taken from the judgment of a Justice in a trial in a criminal case ?    The legislature has pre-

scribed none.  Evidently the law-making power has considered that it would be unwise to fix such time.  Often Justices hold their courts in localities remote from the county seat, where persons charged with crime may not speedily have the advice and assistance of counsel, and be unfamiliar with legal proceedings and in ignorance of their rights.  But we need not speculate upon the reasons for the cause of legislative inaction: the fact remains.  Sec. 230 of chap. 50 of the Code simply provides: ''Every person sentenced to imprisonment under this chapter by the judgment of a Justice of the Peace, or to the payment of a fine of $10.00 or more shall be allowed an appeal to the circuit court of the county. * * *'' These provisions of the Constitution and laws have often been under consideration by this court and it has been uniformly held that application must be made within a reasonable time.  *State* v. *Tharp,* 81 W. Va. 194; *State* v. *Emsweller,* 78 W. Va. 214; *Nicely* v. *Butcher,* 81 W. Va. 247.  What is a ''reasonable time'' must be determined by the circumstances of each case.  Counsel for defendant asserts that in order to preserve the right of trial by jury, the legislature having fixed no time in which appeal shall be taken, the prisoner should be accorded the right at any time before the expiration of his sentence.  We cannot accede to this contention.  A sentence may be for many months, as for instance, for carrying a pistol (not less than 6 nor more than 12 months) which would extend the right beyond many terms of the circuit or criminal court, in which the prisoner could be tried by a common law jury.  There must be finality within a reasonable time, measured by the circumstances of each case.  We are asked to follow, by analogy, the statute in civil cases which limits the time to 10 days.  But the law is more tender and considerate of the liberty of a person than of his property.  The man is superior to the dollar.  And in a civil case where the applicant shows by his own oath, or otherwise, good cause for his not having taken an appeal in ten days, the circuit court may grant him an appeal within ninety days.  In *Nicely* v. *Butcher,* *supra,* the application was not made until 20 days after the conviction, but it was held under the peculiar

circumstances of that case that the application was made within a reasonable time. In the present case defendant was immediately placed in jail, which to some extent removed him from access to counsel and friends. He was without counsel at his trial, and was tried on the same day of his arrest. The place of trial was distant from the county seat; where his friends lived, if he had any, or how far distant from the county seat and the jail does not appear. The justice did not hold his court at the county seat, how far distant the record does not disclose, and this may have retarded speedy application. After the motion was made it took nearly a month to have it determined, and it appears that the Justice came to the county seat for that purpose. Keeping in mind the rule of liberal construction to be given to statutes providing for appeals, which are remedial in their nature, and that a person charged with crime is entitled to jury trial under the Constitution; that in civil cases ten days is a reasonable time under any circumstances, and ninety days where good cause is shown; and in view of the policy of the law which accords to a person charged with crime jealous and technical safeguards in tender consideration of his liberty and good name, we have come to the conclusion that under the circumstances of this case the application of defendant for appeal was made within a reasonable time, and should have been granted. His guilt or innocence does not concern us; he is entitled to have that determined in the manner and by the tribunal guaranteed to him by the constitution. The order of the circuit court refusing the prayer of the petition will be reversed, and the case remanded.

*Reversed and remanded.*