# CHARLESTON.

Lutz *v.* Currence *et al.*

Submitted March 18, 1924.   Decided May 20, 1924.

1.  Logs and Logging—*Filing of Special Plea in Suit for Breach of Contract Held Properly Allowed.*

    Where an action of assumpsit is brought for the breach of a written contract for the sale of certain timber by the defendant to the plaintiff, and the sawing of the same into lumber by the plaintiff, which contract plaintiff claims, was breached by the defendants; it is not error for the lower court to allow the defendants to file a special plea setting up that the plaintiff has failed and refused to carry out in good faith, one of the provisions of the contract which relates to an agreement between the parties upon a satisfactory person to saw and scale the lumber.   (p. 469).

2.  Same—*Buyer's Failure to Endeavor to Procure Disinterested Person to Scale Lumber Held to Defeat Recovery.*

    In such a case it is not error for the court to instruct the jury as follows: "The court instructs the jury that if they believe from the evidence that the plaintiff or his agent, E. F. Phares, did not act in good faith in an effort to procure a competent, disinterested and satisfactory person to do the scaling of the lumber in question, when it became known that William Wade would not do it, then plaintiff cannot recover, and the jury should find their verdict for the defendants."   (p. 472).

3.  Trial—*Refusal of Instructions Substantially Covered by Given Instructions Held Not Erroneous.*

    It is not error for the lower court to refuse to give an instruction in which the points of law embraced therein are

substantially covered by another instruction offered by the same party which later instruction was given by the court. (p. 472).

Error to Circuit Court, Randolph County.

Suit by D. E. Lutz against Rena U. Currence and others. Judgment for defendants and plaintiff brings error.

*Affirmed.*

*R. H. Allen* and *W. B. & E. L. Maxwell,* for plaintiff in error.

*Spears & Irons,* for defendants in error.

McGinnis, Judge:

In this suit to recover damages for breach of an executory contract by which certain timber was to be cut and manufactured into lumber, brought in the Circuit Court of Randolph County, the court upon a second trial thereof resulting in a verdict for the defendant and judgment being entered thereon, the plaintiff complains and brings this writ of error.

The material facts as shown by the plaintiff's testimony upon the retrial of this case are substantially the same as were testified to by plaintiff's witnesses in the case of *Lutz* v. *Currence,* 91 W. Va. 25, which is here referred to; except upon this trial of the case the plaintiff proved that he had employed Tom Paterson to saw the lumber contemplated, after it was ascertained that William Wade would not do said sawing. On the former trial after the testimony of the plaintiff had been heard, the court directed a verdict for the defendant which verdict was set aside by this court and the case remanded for a new trial. The testimony of the defendants was not in the record at the time of the former hearing in this court, but upon a retrial of the case it was heard upon its merits and the testimony on both sides was submitted to the jury and the jury again rendered a verdict for the defendants and a motion to set aside the verdict was overruled and this case comes here.

The first error assigned by the plaintiff is that the lower court erred in allowing plea number 4 to be filed. There was no error in the lower court's allowing this plea to be filed. It simply sets up the willingness of the defendants at

all times to comply with the contract after it was ascertained that William Wade would not do the sawing and scaling, and alleges that the plaintiff failed and refused in any manner to co-operate with the defendants in securing an honest, competent and disinterested party to saw and scale this lumber. It substantially denies that the plaintiff was in good faith endeavoring to carry out the contract. When they agreed on the man, William Wade, to do this sawing and scaling and Wade refused to do the work, it became at least the duty of the plaintiff to attempt to agree on some one else to do the work who was agreeable to the defendants. He should have made an honest effort to agree with the defendants as to who would saw and scale this lumber. It would seem from the notice served on the defendants by the plaintiff, and conversations of the plaintiff and his agent Phares, with the defendant, that the plaintiff would permit the defendants to employ some one to watch the sawyer saw and scale the lumber and that having tendered them that privilege which the defendants failed to accept, that the plaintiff had done all that was required of him under the contract, and that if the defendants failed to proceed with their part of the contract, the plaintiff had the legal right to institute an action of damages for the breach of the contract. We can not so hold. He who expects to recover damages for the breach of a contract must show that he in good faith has either carried out his part of the contract, or that he has made an honest effort to do so, and has been prevented from carrying it out by the defendant. *Clark* v. *Franklin*, 7 Leigh 1; *Kern* v. *Zeigler*, 13 W. Va. 707; *Jones* v. *Singer Manufacturing Company*, 38 W. Va. 147.

This court held at the former hearing, in substance, that in so far as this contract required that William Wade was to do the sawing and scaling that that was an independent covenant and that the right of the plaintiff to sue was not barred by reason of the fact that Wade refused to saw and scale the logs mentioned in the contract:

> "The work could just as well be done," says the court by Judge Ritz, "by any other competent man."

But that decision did not affect this covenant except in so

far as it mentioned the name of a particular person to do this sawing and scaling. That decision does not intimate that the plaintiff could employ any person that he might choose to do this work without the consent of the defendants. From the testimony of the defendants, they had no confidence in Phares or Paterson; they knew them both and whether the reasons for objecting to either of them were well founded or not, they had attempted at least to protect themselves and thus insure the honest sawing and scaling of this lumber.

The consideration to be paid the defendants for this timber depended upon the number of thousand feet this timber was ascertained to contain, in board measure; the plaintiff was buying this timber by the thousand, board measure, and was expecting to sell it on grades, thus it will be readily seen why the sawyer should be not only competent but honest. If his employer was to come to the conclusion, during the progress of the work, that the low grades could not be profitably manufactured and handled, the sawyer would be required to not saw low grade lumber but leave it in the slabs, and if the sawyer was honest and upright, he would obey these instructions and the low grades would not be sawed or scaled, and the defendants would get nothing for that portion of each of the logs which would make only low grade lumber. Then again, he could cheat in the scale, thus it will be seen that there are two ways by which defendants could have been deprived of their timber without receiving full value for it as contemplated by the contract, and the defendants were evidently apprehensive; they both testify that they would not have signed the contract had not the clause, what in effect made William Wade the sole arbiter of the manner in which the logs were to be sawed and the number of feet they contained in board measure been inserted in, and made a part of the contract. This clause was inserted in the contract by their mutual agreement and the person taking the place of Wade to act under this covenant of the contract could not be changed except under a like mutual agreement. This mutual agreement, the defendants at different times tried to make with the plaintiff Lutz and with Phares, his agent, and at each and every time they or either of them were approached on this subject each of them either gave evasive

answers or positively refused to co-operate with the defendants in securing a satisfactory man to do this work.

The second assignment of error is that the court erred in refusing to give plaintiff's instruction number 3. The points of law covered by this instruction are the same as those covered by instruction number 1, which was given and which was to the effect that the clause in the contract requiring William Wade to do the sawing of this timber was an independent provision and the failure of William Wade to do the sawing without fault upon the part of the plaintiff, did not furnish the defendants sufficient excuse to refuse to carry out their part of the contract, and instruction number 3 which the court refused, is to the same effect, and the lower court did not err in refusing to give it.

The third assignment of error is that the court erred in giving instruction number 2 for the defendant. That instruction is as follows:

> "The court instructs the jury that if they believe from the evidence in this case that the plaintiff or his agent, E. F. Phares, did not act in good faith in an effort to procure a competent, disinterested and satisfactory person to do the scaling of the lumber in question, when it became known that William Wade would not do it, then plaintiff can not recover, and the jury should find their verdict for the defendants."

For the same reasons herein given upon the question as to whether or not the court erred in allowing plea number 4 to be filed, it was not error for the court to give this instruction. The good faith of the plaintiff and his agent, Phares, in their effort to procure some person to saw and scale this lumber, who would be satisfactory to the defendants when it became known that William Wade would not do it, enters into the plaintiff's right to recover in this action, and if the evidence shows that the plaintiff and his agent, Phares, did not in good faith endeavor to secure such person, then the plaintiff is not entitled to recover. If the jury, after hearing and weighing all the evidence were to come to the conclusion that the plaintiff and his agent were evading and refusing to agree to this matter, for the reason that they were seeking to cause the defendants to refuse to carry out the contract,

and thus place the plaintiff in a position to sue for a breach thereof, and that the preparations made by the plaintiff were not made in good faith for the purpose of complying with the contract but to be used by him as evidence in a suit for breach of the same, would not the jury be justified in rendering a verdict for the defendant? We think it would, and further if the jury were to believe that the evasiveness and failure of the plaintiff and his refusal to agree with the defendants on some one to scale this lumber was for the purpose of giving Phares and Paterson the authority to saw and scale it and thus give them an opportunity to defraud the defendants, the jury in either case should render a verdict for the defendants. All the evidence in this case went to the jury, and it has passed thereon and rendered its verdict in favor of the defendant; a motion was made to set aside the verdict which the court overruled and entered judgment thereon. We are of the opinion that said court did not err in overruling the motion to set aside the verdict and therefore affirm its judgment.

*Affirmed.*