474 S.E.2d 586

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Gary BERGSTROM, Defendant Below, Appellant.**

No. 23148.

Supreme Court of Appeals of West Virginia.

Submitted May 2, 1996.

Decided July 12, 1996.

William D. Miller, Prosecuting Attorney for Tucker County, Parsons, for Appellee.

Pat A. Nichols, Parsons, for Appellant.

PER CURIAM.

A jury convicted Gary Bergstrom of two misdemeanor charges of harassing phone calls in magistrate court. He appealed the conviction to the Circuit Court of Tucker County, which again convicted him after a trial before the judge. He appeals that conviction, asserting that the jury trial conducted in magistrate court was not electronically recorded and that, therefore, his request for a de novo jury trial in circuit court should have been granted. Based on our review of the record, the parties' briefs and all other matters submitted before this Court, we find that the circuit court did not err in refusing Appellant's request for a de novo jury trial and, therefore, affirm.

On May 3, 1994, Appellant was tried by a jury and convicted in magistrate court on two misdemeanor charges of making harassing phone calls. He appealed, and requested a jury trial at a pre-trial conference on September 15, 1994. Between the time of Appellant's conviction in magistrate court and

the time of the pre-trial conference in circuit court, significant amendments to West Virginia Code §§ 50–5–8 and 50–5–13 [1] were made regarding the appeal of a criminal conviction in magistrate court. Because no record had been made of the proceedings in magistrate court, the circuit court, relying on the statutory amendments, tried the case de novo without a jury.[2]

We note at the outset the changes that occurred to the pertinent statutes. Those changes were summarized in our opinion in *State ex rel. Collins v. Bedell*, 194 W.Va. 390, 460 S.E.2d 636 (1995):[3]

> Prior to June 10, 1994, a person convicted of a criminal offense in magistrate court had a statutory right to appeal his or her conviction to the circuit court and receive a trial *de novo* which included the right to a trial by jury. *See W.Va. Code*, 50–5–13 [1993]. At that time, there was no statutory provision which provided for the recordation of trials in magistrate court.
>
> In 1994 a provision was added to *W.Va. Code*, 50–5–8 which required that jury trials in magistrate court be recorded electronically. *See W.Va.Code*, 50–5–8(e) [1994]. Additionally, *W.Va. Code*, 50–5–13 was amended to eliminate the statutory

right to a jury trial *de novo* in circuit court on an appeal from the magistrate court in a criminal court proceeding.

> The amendment to *W.Va.Code*, 50–5–13 was effective on June 10, 1994, and specifically provides that when there has been a jury trial in a criminal proceeding in magistrate court, the review on appeal to the circuit court is limited to the record of the magistrate court trial. *See W.Va.Code*, 50–5–13(b) [1994]. If a person waives the right to a jury trial in a criminal proceeding in magistrate court, then the review on appeal to the circuit court is limited to a "trial de novo triable to the court, without a jury." *W.Va.Code*, 50–5–13(b) [1994]. There is a provision which authorizes the circuit court to impanel a jury on appeal if the circuit court finds that the defendant was "effectively denied a jury trial" in the magistrate criminal court proceeding.

194 W.Va. at 394–95, 460 S.E.2d at 640–41. It is the above-mentioned statutory changes that form the basis of the instant appeal.

▪ Appellant argues first that his jury trial in magistrate court was not electronically recorded, and that, therefore, he should have been granted a de novo jury trial in

---

1. West Virginia Code § 50–5–8 (Supp.1995), as amended, provides in relevant part:

    (b) A defendant in any criminal trial for a misdemeanor offense triable before a magistrate has the right to demand that the matter be tried with a jury, and the defendant shall be advised of the right to trial by jury in writing.

    .   .   .   .   .

    (e) For purposes of appeal, when a jury trial is had in magistrate court, the magistrate court shall be a court of limited record. Trials before a magistrate when a jury is empaneled shall be recorded electronically.

    Section 50–5–13(b) (Supp.1995), as amended provides:

    In the case of an appeal of a criminal proceeding tried before a jury, the hearing on the appeal before the circuit court shall be a hearing on the record. In the case of an appeal of a criminal proceeding tried before the magistrate without a jury, the hearing on the appeal before the circuit court shall be a trial de novo, triable to the court, without a jury.

2. West Virginia Code § 50–5–13(b) (1994) limits review on appeal to the record of the magistrate court trial. At the time of Appellant's magistrate court trial, however, magistrate courts were not courts of record. The circuit court, having no

record to review, found it necessary to hear the evidence de novo.

3. *Collins* involved two separate petitioners, whose cases were consolidated for decision. The first, Collins, was arrested in December 1993, and waived his right to a jury trial in magistrate court at that time (before the statute was amended). He was tried and convicted in magistrate court without a jury in October, 1994, after the statute was amended. He appealed to the circuit court, and his request for a jury trial was denied based on the amended statute. He filed for a writ of prohibition, asserting, among other things, that the amendment of the statute while his case was pending operated to deny him a jury trial in either forum.

    Petitioner Peeples was arrested in August 1994, after the statute had been amended, and did not demand a jury trial. He was convicted by the magistrate without a jury, and appealed to the circuit court, which denied his request for a jury trial. He petitioned for a writ of prohibition, claiming that the statute as amended violated various constitutional rights.

    The case before us more closely resembles the facts of petitioner Collins, in that the statute was amended while Appellant's case was pending.

circuit court. The magistrate court was not a court of record under West Virginia Code § 50–5–13 (1993), the statute in effect at the time of Appellant's jury trial. No record was necessary, because defendants at that time had a right to a jury trial de novo on appeal. The current code section requires that jury trials in magistrate court be recorded. W.Va.Code § 50–5–8(e). The reason for requiring electronic recording under the current statute is to enable the circuit court to decide the appeal without hearing further evidence, as required by section 50–5–13(b), and to preserve a record for further appeal.

■ In the case before us, the circuit court had no record of the magistrate court proceedings and, therefore, conducted a trial de novo, albeit without a jury. Such an action is expressly condoned by section 50–5–13(c)(5):

> *If the circuit court finds that a record for appeal is deficient* as to matters which might be affected by evidence not considered or inadequately developed, *the court may proceed to take such evidence* and make independent findings of fact to the extent that questions of fact and law may merge in determining whether the evidence was such, as a matter of law, as to require a particular finding. If the party appealing the judgment is also a party who elected to try the action before a jury in the magistrate court, and if the circuit court finds that the proceedings below were subject to error to the extent that the party was effectively denied a jury trial, the circuit court may, upon motion of the party, empanel a jury to re-examine the issues of fact, or some part or portions thereof.

*Id.* (emphasis added). The statute authorizes the circuit court to empanel a jury only if the defendant "was effectively denied a jury trial" in magistrate court. *Id.*

In applying the statute to the instant case, it is clear that Appellant had a jury trial. Accordingly, he was not "effectively denied a jury trial" as contemplated by statute. *See id.* Moreover, any concerns raised by the lack of electronic recordation at the magistrate court level were alleviated when the circuit court conducted a de novo bench trial which was electronically transcribed. Further, the circuit court's action also provided Appellant with a full record for purposes of appellate review.

■ Appellant next argues that the new statute deprived him of a jury trial. We addressed this issue in *Collins,* where the petitioner, Collins, had been arrested before the statutory change. At the time of his arrest, he waived his right to jury trial in magistrate court. Before his trial in magistrate court, West Virginia Code § 50–5–13 was amended to eliminate the right to a jury trial on appeal.

We found in *Collins* that the change in procedure brought on by the amended statute did not violate either a defendant's right to a jury trial or the ex post facto clauses of the West Virginia and United States Constitutions. With regard to jury trial, we said: "W.Va. Code, 50–5–13 [1994], which sets forth the appeal procedure in a criminal proceeding from magistrate court to circuit court, but which does not give the defendant a statutory right to a jury trial *de novo* on the appeal to circuit court, does not violate *W.Va. Const.* art. III, § 14 or art. VIII, § 10." 194 W.Va. at 396–97, 460 S.E.2d at 642–43 & Syl. Pt. 2. The Court said further that

> the elimination of the trial *de novo* on appeal from a criminal proceeding in magistrate court does not alter the definition of a crime, deprive petitioner Collins of a defense, or increase his punishment. Thus, the elimination of a right to a trial by jury on appeal from the magistrate court criminal proceeding does not violate the *ex post facto* clauses of the *W.Va. Const.* or the *U.S. Const.*

*Id.* at 402, 460 S.E.2d at 648.

We ultimately concluded in *Collins* that the record was unclear as to whether Collins had been given an additional opportunity to request a jury trial in magistrate court after the amendment of West Virginia Code § 50–5–13. Consequently, we ordered the circuit court to determine whether Collins had been given a chance to request a jury trial in magistrate court after the amendment, and to afford him a jury trial if he had not had

that opportunity. *Id.* at 403, 460 S.E.2d at 649.

In the present case, Appellant, unlike the petitioner in *Collins,* exercised his right to a jury trial in magistrate court, and is not, therefore, entitled to relief. Because Appellant requested and was granted a jury trial in magistrate court, he was not denied his constitutional right to a trial by jury. Further, because he had a trial on the record in circuit court, Appellant's assertion that he should be granted a jury trial because the magistrate court was not a court of record at the time of his trial is without merit.

For the foregoing reasons, the judgment of the Circuit Court of Tucker County is hereby affirmed.

Affirmed.