565 S.E.2d 379

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Chester CHANZE, Defendant Below, Appellant.**

No. 29810.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 16, 2002.

Decided April 5, 2002.

Dissenting Opinion of Chief Justice Davis April 26, 2002.

Concurring Opinion of Justice Starcher July 2, 2002.

Darrell V. McGraw, Jr., Attorney General, Silas B. Taylor, Senior Deputy Attorney General, Charleston, for the Appellee.

Joseph J. Moses, Wheeling, for the Appellant.

ALBRIGHT, Justice.

Chester Chanze (hereinafter "Appellant") appeals from the December 20, 2000, final order of the Circuit Court of Marshall County which, following a bench trial on appeal, upheld Appellant's magistrate court conviction of the offense of petit larceny. Appellant contends that the circuit court erred in the appeal of his magistrate court conviction by denying his request for a de novo jury trial despite the fact that, due to an equipment malfunction, there was no electronic record of his magistrate court jury trial for the circuit court to review. As a result of our review of the briefs submitted and the certified record, we vacate the conviction and remand the case for a new jury trial in magistrate court.

## I. Factual and Procedural Background

Appellant and another male[1] were arrested on the night of March 7, 1999, based on the suspicion that they removed and carried away a parking meter fine collection box and its contents. Appellant was taken before a magistrate, where he was formally charged by criminal complaint with the offenses of petit larceny, destruction of property and contributing to the delinquency of a minor. During the course of the initial appearance proceedings, Appellant signed an "Initial Appearance: Rights Statement" form which indicated he had been apprised of his rights, including his right to demand a jury trial. Appellant's court-appointed attorney timely filed[2] a written request for a jury trial, which was received in the magistrate court on March 18, 1999.

A one-day jury trial was held on April 12, 2000, in the Marshall County Magistrate Court, and the proceedings were electronically recorded as required by statute.[3] The jury returned a verdict finding Appellant guilty of petit larceny but not guilty of destruction of property.[4] The petit larceny conviction resulted in Appellant receiving a sentence of up to nine months in jail and a $250.00 fine.

The conviction of petit larceny was appealed to the circuit court by Appellant's trial attorney, who then withdrew for cause as counsel. After appointing a new attorney to handle Appellant's appeal below, the circuit court entered an order on September 12, 2000, establishing a briefing schedule based on the assumption that there was an adequate record on which appellate review could be based. Appellant's counsel subsequently obtained a copy of the jury trial tapes, which were accompanied by a letter dated September 14, 2000, from the circuit court clerk's office, informing Appellant's counsel that the tapes were defective. Appellant's counsel confirmed that the taped recording was inaudible and could not be used as a basis for appellate review and further determined that reconstruction of the record was not possible. Consequently, Appellant informed the circuit court of the problem and filed a motion for a

---

1. The male arrested with Appellant was a juvenile.

2. See W.Va.Code § 50-5-8(b) (1994) (Repl.Vol. 2000); Mag. Ct.Crim. P.R. 5(c).

3. W.Va.Code § 50-5-8(e); see also Mag. Ct.Crim. P.R. 5(c).

4. The conviction on appeal to this Court involves the sole charge of petit larceny, inasmuch as the charge of contributing to the delinquency of a minor was dropped at some point before trial and the destruction of property charge was resolved with the jury verdict of not guilty.

new trial on September 26, 2000. In support of his motion, Appellant asserted that due to the extensive defect of the magistrate court record he had a right to elect to have a new trial pursuant to the holding in *State ex rel. Kisner v. Fox,* 165 W.Va. 123, 267 S.E.2d 451 (1980). At the October 3, 2000, hearing on the motion, Appellant specifically requested that the magistrate court conviction be reversed and the case be remanded to magistrate court for a new jury trial. The circuit court ruled on the motion for a new trial at an October 20, 2000, hearing by stating, "I'm of the opinion that under the Fox case, Mr. Chanze is entitled to a trial. However, I'm also of the opinion that it can only be a bench trial because he had a jury trial." Subsequently, the circuit court stated in an order dated October 20, 2000, that the "defendant is entitled to a trial, but only a bench trial" in circuit court.

The circuit court bench trial was held on December 4, 2000, and resulted in Appellant's conviction for petit larceny. The conviction and reinstatement of the penalty imposed by the magistrate court were incorporated in the December 20, 2000, final order of the circuit court from which this appeal is taken.

## II. Standard of Review

To the extent that the issues presented in this case involve questions of law and statutory interpretation, our review is de novo. Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995). Our review of the final order and ultimate disposition by the circuit court is under an abuse of discretion standard, and we review the underlying factual findings of the circuit court using a clearly erroneous standard. Syl. Pt. 1, *Burnside v. Burnside,* 194 W.Va. 263, 460 S.E.2d 264 (1995). Based on these review criteria, we proceed to the merits of this appeal.

## III. Discussion

The singular question raised in this appeal is whether a person convicted of a crime as a result of a jury trial in magistrate court is deprived of the right to a trial by jury when the magistrate court electronic record of the trial is so seriously flawed that appellate review on the record by the circuit court is not possible and the circuit court resolves the dilemma by holding a bench trial de novo.

The State contends that the remedy for magistrate court records which are in any way inadequate for appeal purposes is set forth in subsection (c)(5) of West Virginia Code § 50–5–13. The State further asserts that the circuit court's decision in the instant case to hold a bench trial to resolve the lack of an appellate record is in accord with subsection (c)(5) of this statute as well as our application of this statutory provision in the per curiam opinion of *State v. Bergstrom,* 196 W.Va. 656, 474 S.E.2d 586 (1996).

West Virginia Code § 50–5–13 sets forth the appeal process involving magistrate court criminal cases and subsection (c)(5) of this statute states:

> If the circuit court finds that a record for appeal is deficient as to matters which might be affected by evidence not considered or inadequately developed, the court may proceed to take such evidence and make independent findings of fact to the extent that questions of fact and law may merge in determining whether the evidence was such, as a matter of law, as to require a particular finding. If the party appealing the judgment is also a party who elected to try the action before a jury in the magistrate court, and if the circuit court finds that the proceedings below were subject to error to the extent that the party was effectively denied a jury trial, the circuit court may, upon motion of the party, empanel a jury to re-examine the issues of fact, or some part or portions thereof.

While this statutory provision sets forth the remedy for certain deficiencies in magistrate court records on appeal, we do not find it to be dispositive of the issue in the case presently before us. The record in the instant case is not "deficient as to matters which might be affected by evidence not considered or inadequately developed" nor did the circuit court find "that the proceedings below were subject to error to the extent that the party was effectively denied a jury trial."

W.Va.Code § 50–5–13(c)(5). In summary, West Virginia Code § 50–5–13(c)(5) is simply not applicable. Instead we are presented with the problem of an unintelligible record which is so extensively flawed that counsel, who did not represent Appellant during the magistrate court trial, was unable to prepare a substantive appeal and on which the circuit court could not conduct appellate review.

■ We are not aware of, nor have we been directed to, any other statute which provides a remedy for such extensively flawed magistrate court records.[5] However, we note the circuit court's reliance on our conclusions in *State ex rel. Kisner v. Fox*, 165 W.Va. 123, 267 S.E.2d 451 (1980) to find that Appellant was entitled to a new trial. In *Kisner* we had under consideration a situation analogous to the one presently before us in that a transcript of a criminal circuit court trial could not be supplied to the defendant because the court reporter's notes had been lost. This Court observed in *Kisner* that an accurate record is necessary for appeal purposes because the record may contain "[p]rejudicial remarks, hidden issues, and questions relating to the judge's instructions to the jury [which] may [ ] disclose error substantial enough to reverse the conviction." *Id.* at 126–27, 267 S.E.2d at 453. Pursuant to this reasoning, we held in syllabus point two of *Kisner* that

> [t]he failure of the State to provide a transcript of a criminal proceeding for the purpose of appeal, absent extraordinary dereliction on the part of the State, will not result in the release of the defendant; however, the defendant will have the option of appealing on the basis of a reconstructed record or of receiving a new trial.

*Id.* at 123–24, 267 S.E.2d at 452.

■ We have not had the opportunity to discuss the applicability of syllabus point two of *Kisner* to similarly flawed magistrate court electronic records since magistrate courts were not legislatively designated as courts of limited record until 1994, several years after *Kisner* was decided. Although

magistrate court records take a different form than circuit court records, the basic reasons for having an accurate and representative record from either tribunal for appellate purposes is the same because, as we recognized in *State ex rel. Collins v. Bedell*, 194 W.Va. 390, 395, 460 S.E.2d 636, 641 (1995) "the circuit court takes on the role of a reviewing court, not unlike this Court, rather than a trial court when a criminal conviction from magistrate court is appealed ...." Moreover, due process principles give heightened significance to the record of magistrate court proceedings for appellate purposes. We concluded in *Collins* that the reason state and federal constitutional principles of due process are not offended when a non-lawyer magistrate presides over the only jury trial a criminal defendant is entitled to receive is because the statutory scheme which sets forth this process also "provides meaningful review on appeal" by enabling "the reviewing court on appeal to ensure that a defendant was given a fair trial." *Id.* at 399, 460 S.E.2d at 645. Essential to providing meaningful review on appeal of a jury trial which results in a criminal conviction is a record of the proceedings in which the jury was involved. When this Court has been presented with an appeal involving a criminal jury trial from circuit court in which no record of the proceedings below were available for review, we have returned the matter to the circuit court for a new trial by jury. *See, e.g., State v. Neal*, 172 W.Va. 189, 304 S.E.2d 342 (1983). We see no reason that the same process should not be followed by the circuit courts when presented with a magistrate court appeal lacking a sufficient record.

■ Accordingly, we hereby extend the essence of our ruling in *Kisner* to magistrate court records by holding that when an electronic record of a magistrate court jury trial in a criminal case is so defective that no record or virtually no record is available from which to prepare an appeal or to conduct appellate review, the criminal defendant is entitled to obtain meaningful appellate re-

---

5. Although Rule 17(d) of the Rules of Criminal Procedure for Magistrate Courts recognizes that there may be instances when it would be impossible to record all or part of a magistrate court jury trial electronically, it does not offer a solution to the problem of the resulting lack of record for appeal purposes.

view of the magistrate court proceedings by informing the circuit court of the faulty record and reconstructing the record or, if reconstruction is impossible, receiving a new trial by jury in magistrate court.

Based on this holding, we find that Appellant's circuit court conviction must be vacated because the circuit court erred as a matter of law by not remanding this case to magistrate court for a new jury trial.

## IV. Conclusion

For the reasons stated in this opinion, the December 20, 2000, order of conviction entered by the Circuit Court of Marshall County is vacated, and the case is remanded to the circuit court for entry of an order directing a new jury trial in magistrate court on the charge of petit larceny.

Vacated and remanded.

DAVIS, C.J., dissenting.

(Filed April 26, 2002)

The defendant in this case, Chester Chanze, was convicted of petit larceny by a magistrate court jury. Mr. Chanze appealed to the circuit court. As a result of an inadequate appellate record, the circuit court provided Mr. Chanze with a *de novo* bench trial. At the conclusion of the bench trial, the circuit court affirmed the petit larceny conviction. On appeal to this Court, the majority opinion reversed the circuit court's ruling and remanded the case for a new trial in magistrate court. For the reasons set fourth below, I dissent from the majority opinion as being inconsistent with W. Va.Code § 50–5–13(c)(5) (1994) (Repl.Vol.2000) and *State v. Bergstrom*, 196 W.Va. 656, 474 S.E.2d 586 (1996), and as not being supported by *State ex rel Kisner v. Fox*, 165 W.Va. 123, 267 S.E.2d 451 (1980).

### A. Application of W. Va.Code § 50–5–13(c)(5)

When this case was presented to the circuit court as an appeal, the magistrate court

record was defective in its entirety and did not allow for a meaningful review by the circuit court. Faced with this dilemma, the circuit court judge had two options: (1) remand the case for another trial in magistrate court [1] or (2) conduct a bench trial in circuit court. In this case, the circuit court judge chose to conduct a bench trial. The authority for conducting a new trial in circuit court, because of an insufficient magistrate court trial record, is found at W. Va.Code § 50–5–13(c)(5) (1994) (Repl.Vol.2000), which states:

> If the circuit court finds that a record for appeal is deficient as to matters which might be affected by evidence not considered *or inadequately developed,* the court may proceed to take such evidence and make independent findings of fact to the extent that questions of fact and law may merge in determining whether the evidence was such, as a matter of law, as to require a particular finding. If the party appealing the judgment is also a party who elected to try the action before a jury in the magistrate court, and if the circuit court finds that the proceedings below were subject to error to the extent that the party was effectively denied a jury trial, the circuit court may, upon motion of the party, empanel a jury to re-examine the issues of fact, or some part or portions thereof.

(Emphasis added).

The majority opinion has chosen to interpret W. Va.Code § 50–5–13(c)(5) in a manner that precludes the authority of circuit court judges to conduct a new trial when confronted with a totally defective magistrate court trial record. This limitation imposed by the majority opinion is wrong. W. Va.Code § 50–5–13(c)(5) expressly provides that a circuit court judge has the authority to conduct a new trial "[i]f the circuit court finds that a record for appeal is … inadequately developed[.]" It is erroneous for the majority opinion to hold that a "defective magistrate

---

1. The authority to remand for a new trial, because of a defective appellate record, is found in W. Va.Code § 50–5–13(c)(4)(C)(1994) (Repl.Vol. 2000), which states:

   (4) The circuit court may take any of the following actions which may be necessary to dispose of the questions presented on appeal, with justice to the defendant and the state:

   . . . .

   (C) Remand the case for further proceedings, with instructions to the magistrate.

court trial record" is not equivalent to an "inadequately developed" record for the purposes of an appeal when both such records are so fatally flawed as to prejudice the accused's right to a full and fair determination of his/her guilt or innocence.

An "inadequately developed" record is one that does not permit a circuit court to determine whether a defendant was validly convicted. Therefore, W. Va.Code § 50–5–13(c)(5) authorizes the circuit court to conduct a new trial. Common sense also dictates that a "defective magistrate court trial record" does not permit a circuit court to determine whether a defendant was validly convicted. Thus, heeding this common sense, it is obvious that "a defective magistrate court trial record" also warrants a new trial in circuit court pursuant to the authority of W. Va.Code § 50–5–13(c)(5).[2]

### B. State v. Bergstrom Controls this Case

The record in this case is quite clear. Mr. Chanze failed to demonstrate any substantive error in his *de novo* bench trial before the circuit court. In other words, Mr. Chanze is guilty of petit larceny beyond a reasonable doubt. Nevertheless, the majority opinion has decided to give Mr. Chanze a third bite at the apple because of a defective magistrate court trial record. Such a decision is ludicrous because the dispositive record, for an appeal to this Court, was the record created during the circuit court bench trial. This basic point was made clear by the Court in *State v. Bergstrom,* 196 W.Va. 656, 474 S.E.2d 586 (1996) (per curiam).[3]

*Bergstrom* involved a defendant who was convicted by a jury in magistrate court of making harassing telephone calls. At the time of the defendant's conviction, magistrate court proceedings were not required to be recorded because defendants were entitled to a jury trial on appeal to the circuit court. However, after the defendant appealed to the circuit court, the Legislature amended the applicable statute so as to require recordation of magistrate court jury trials. The Legislature also amended W. Va.Code § 50–5–13 to allow specific types of review by circuit courts.

In response to the amendment of W. Va. Code § 50–5–13, the circuit court in *Bergstrom* decided to provide the defendant with a bench trial because no record of the jury trial existed. The circuit court ultimately affirmed the defendant's conviction. On appeal to this Court, the defendant contended that he was entitled to a jury trial when he appealed to the circuit court. This Court disagreed with the defendant and we approved of the procedure used by the trial court in *Bergstrom.* Explaining our decision, we stated: "In the case before us, the circuit court had no record of the magistrate court proceedings and, therefore, conducted a trial *de novo,* albeit without a jury. Such an action is expressly condoned by [W. Va.Code] § 50–5–13(c)(5)." *Bergstrom,* 196 W.Va. at 659, 474 S.E.2d at 589.

We further held in *Bergstrom* that W. Va.Code § 50–5–13(c)(5) allows a circuit court to conduct a bench trial when no record of a magistrate court jury trial exists. The *Bergstrom* decision was not an unsound aberration; it was grounded upon common sense that was expressed as follows:

> Moreover, any concerns raised by the lack of electronic recordation at the magistrate court level were alleviated when the circuit court conducted a de novo bench trial which was electronically transcribed. Further, the circuit court's action also provid-

---

**2.** The true problem with the position taken by the majority opinion is that it summarily dismissed the application of W. Va.Code § 50–5–13(c)(5) without any legal analysis. In effect, the majority opinion simply held that the statute does not apply. No analysis. End of story. Obviously, the terse treatment of the statute was necessary because the majority opinion wanted to reach a result that was not supported by the applicable statutory law.

**3.** Another most glaring deficiency in the majority opinion is the complete omission of any mean-

ingful discussion regarding the impact of *Bergstrom* on the instant case. Although *Bergstrom* was a per curiam opinion, the Court's decision addressed the precise issue presented in the instant case and, thus, is worthy of consideration herein. *See* Syl. pt. 3, in part, *Walker v. Doe,* 210 W.Va. 490, 558 S.E.2d 290 (2001) ("Per curiam opinions have precedential value as an application of settled principles of law to facts. . . . The value of a per curiam opinion arises in part from the guidance such decisions can provide[.]").

ed Appellant with a full record for purposes of appellate review.

*Bergstrom,* 196 W.Va. at 659, 474 S.E.2d at 589. Thus, the decision in *Bergstrom* recognizes that, for appeals to this Court, it is the circuit court record, not the magistrate court record, that is relevant. That is, *Bergstrom* understood that a *de novo* bench trial in circuit court renders meaningless the underlying magistrate court proceeding.

### C. State ex rel. Kisner v. Fox is Inapplicable

The majority opinion relied upon this Court's earlier decision in *State ex rel. Kisner v. Fox,* 165 W.Va. 123, 267 S.E.2d 451 (1980), to reverse and remand the instant case. However, *Kisner* does not support the result reached by the majority herein.

In *Kisner,* the defendant was convicted of sexual assault in the first degree. The defendant was unable to appeal his conviction because of an error that prevented reproduction of the trial transcript. Consequently, the circuit court decided to grant the defendant a new trial. The defendant sought a writ of prohibition to stop the retrial and have the charge against him dismissed. This Court denied the writ of prohibition and approved of the circuit court's decision to grant a new trial. In so doing, the Court held, in Syllabus point 2, that

> [t]he failure of the State to provide a transcript of a criminal proceeding for the purpose of appeal, absent extraordinary dereliction on the part of the State, will not result in the release of the defendant; however, the defendant will have the option of appealing on the basis of a reconstructed record or of receiving a new trial.

165 W.Va. 123, 267 S.E.2d 451.

The majority opinion has misapplied this holding in *Kisner* so as to require a new trial in magistrate court. In this regard, the majority of my brethren have failed to consider the unique problem presented when the record of a circuit court trial is forever lost as compared with the difficulty attending an inadequate magistrate court record. In the first described situation, it is necessary to require a new trial in circuit court because the Supreme Court of Appeals cannot con-

duct a new trial given its limited, rather than general, jurisdiction. In contrast, circuit courts have general jurisdiction and thus are appropriate tribunals in which to require the conduction of a new trial. The present appeal, however, is concerned not with an absent circuit court record, but with a defective magistrate court record. Consequently, the holding in *Kisner* has no application to the faulty magistrate court record at issue in the case *sub judice* because circuit courts are constitutionally empowered to conduct new trials. Accordingly, a circuit court does not need a magistrate court trial record because it has the authority to conduct new trials and to ensure the creation of an adequate record for appeal to this Court. The majority's attempt to treat these two disparate scenarios as if they were a distinction without a difference is simply wrong.

*Kisner* is a sound opinion. However, *Kisner* is limited to an appeal from a circuit court to the Supreme Court. Applying *Kisner* to an appeal from a magistrate court to a circuit court is illogical and creates uncertain ambiguities in the previously settled law on this point.

For the reasons stated, I dissent. I am authorized to state that Justice MAYNARD joins me in this dissenting opinion.

STARCHER, Justice, concurring.

(Filed July 2, 2002)

I concur with the majority opinion and write separately to point out that this defendant was absolutely and constitutionally entitled to *one fair jury trial* on the charges against him. Because there was a defective record (through no fault of the defendant), no one can say whether the defendant got a fair jury trial. Therefore, we remand the case for a new jury trial.

This simple syllogism is neither "ludicrous" nor lacking in "common sense," as claimed by the dissent.

If the view of the dissent prevailed, then the constitutional rights of a defendant who asserted error in a magistrate court jury trial would be at the mercy of a tape recorder.

Taking what seems to me to be clearly a constitutionally superior approach, the majority opinion creates a situation where a defendant's right to one fair jury trial cannot be overridden by mechanical failure.

Accordingly, I concur.