## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

July 8, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 12-1049** (Pocahontas County 09-M-AP-02)

**Charlotte Elza,**
**Defendant Below, Respondent**

### MEMORANDUM DECISION

Petitioner Charlotte Elza, *pro se*, appeals the order of the Circuit Court of Pocahontas County, entered August 16, 2012, denying her motion to appeal and motion to dismiss the misdemeanor conviction obtained against her in the underlying magistrate case. Respondent State of West Virginia, by counsel Thomas W. Rodd, filed a summary response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 20, 2006, petitioner was found guilty by a jury in magistrate court of harboring a dog known to chase or kill livestock in violation of West Virginia Code § 19-20-17. On August 29, 2006, the magistrate court sentenced petitioner to thirty days in jail and ordered her to pay restitution for the value of the livestock the dog had killed. Petitioner filed a motion for a new trial and a change of venue in magistrate court on September 18, 2006, which motion was denied.

During October of 2006, petitioner's attorney became unable to represent her for reasons not reflected in the record. Petitioner retained a new attorney on October 21, 2006. Counsel requested the case file on October 23, 2006, and it was mailed the next day. Counsel did not receive the case file until November 6, 2006, because of unknown problems at the post office.

On November 8, 2006, petitioner filed a notice of intent to appeal, petition to appeal, or in the alternative, a motion for a new trial. The magistrate court subsequently conducted a hearing on December 20, 2006, at which both parties appeared. The magistrate court determined that it lacked jurisdiction and that the circuit court needed to hear the parties' arguments.

1

On January 11, 2007, petitioner filed in the circuit court a motion to appeal for good cause. The circuit court denied the motion by an order entered May 23, 2007. The circuit court found that petitioner's motions for a new trial, filed on September 18, 2006 and November 8, 2006, respectively, were not timely filed[1] and, therefore, had no bearing on her attempted appeal.

The circuit court noted that pursuant to Rule 20.1(a) of the West Virginia Rules of Criminal Procedure for Magistrate Courts, petitioner had twenty days from August 29, 2006, to file a notice of intent to appeal because that was her date of sentencing. Petitioner did not file a notice of intent to appeal until November 8, 2006.

The circuit court noted that if no notice is filed within the twenty-day appeal period, Rule 20.1(c) permits an appeal to be granted, "not later than 90 days after the date of sentencing, . . . upon a showing of good cause why such appeal was not filed within the 20-day period." In the motion to appeal, petitioner argued that good cause existed because "complications that arose in mid to late October [of 2006] when prior counsel withdrew from the case and an error at the post office delayed the delivery of the case file until November 6, 2006." The circuit court found this insufficient to establish good cause under Rule 20.1(c) because the rule requires an explanation as to why a notice of intent to appeal was not filed by September 18, 2006, which was twenty days from August 29, 2006. The circuit court determined that "[a]ny complications that arose in mid to late October [of 2006] are irrelevant to show good cause why the appeal was not filed before September 18[, 2006]." The circuit court further determined that the magistrate court was correct that it did not have jurisdiction to rule on the November 8, 2006, notice of intent to appeal because Rule 20.1(c) requires that the circuit court make the finding of good cause.

Petitioner filed a motion for reconsideration that the circuit court heard on September 25, 2007. On June 17, 2008, the circuit court denied the motion and affirmed its ruling that petitioner failed to show good cause as to why the notice of intent to appeal was not filed before the September 18, 2006 deadline. The circuit court specifically noted that any deficiency in the electronic record of the jury trial in the magistrate court was irrelevant to "the requirement that [petitioner] show good cause why the appeal was not timely filed." The circuit court remanded the case to the magistrate court for imposition of sentence. Petitioner did not appeal.

On September 9, 2009, the magistrate court ruled that "I will not entertain any motions which have been presented at prior hearings including motions for dismissal which by law I cannot grant." The magistrate court noted that "this matter has gone through the process of a jury trial,

---

[1] *See* Rule 20(a), W.V.R.Crim.P.Mag.Ct. ("Within 20 days after a verdict or a finding of guilty, the defendant may file a motion requesting that the judgment be set aside and a new trial held.")

appeal to the circuit court[,] and execution of part of the sentence."[2] The magistrate court concluded that "the matter before me is closed."

On September 30, 2009, petitioner again appealed to the circuit court. Following a status hearing on January 25, 2012,[3] the circuit court denied petitioner's motion to appeal and motion to dismiss. In its August 16, 2012 order, the circuit court ruled that the matter was resolved by the decision dated May 23, 2007, which found that the earlier notice of intent to appeal was not timely filed, and that petitioner has failed to demonstrate good cause to extend the filing period beyond the twenty-day time limit.

We review the circuit court's August 16, 2012, order under the following standard:

> This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo.*" Syllabus Point 4, *Burgess v. Porterfield,* 196 W.Va. 178, 469 S.E.2d 114 (1996).

Syl. Pt. 1, *State v. Spade*, 225 W.Va. 649, 695 S.E.2d 879 (2010).

On appeal, it is clear that petitioner desires to address the merits of her case, including her contention that because of a deficiency in the electronic record of the jury trial, she is entitled to a new trial.[4] However, the State correctly notes that even with petitioner's myriad of arguments, "nothing . . . calls into question the circuit court's finding of May 23, 2007[,] that [petitioner] did not timely seek to show good cause for extending her appeal deadline." The State asserts that the issue of whether good cause existed was squarely framed and fully argued before the circuit court and that the August 16, 2012 order was correct in recognizing the court's previous orders.

"Although our doctrine of law of the case generally refers to issues that have previously been reviewed at the appellate level, the doctrine is equally applicable to issues that have been fully litigated in the [circuit] court and as to which no timely appeal has been made." *Noland v. Virginia Insurance Reciprocal*, 224 W.Va. 372, 378, 686 S.E.2d 23, 29 (2009) (internal quotations and citations omitted). If petitioner wanted to challenge the circuit court's determination that good cause did not exist as to why she failed to file a timely notice of intent to appeal, she should have done so after the circuit court's May 23, 2007, order denying her motion to appeal for good cause or after the circuit court's June 17, 2008, denial of her motion for reconsideration that affirmed its May 23, 2007, ruling. Petitioner did not do so. Therefore, the circuit court properly affirmed its finding of May 23, 2007, that petitioner did not timely seek to show good cause for extending her

---

[2] Based on respective statements made by petitioner and the State at a January 25, 2012, hearing, petitioner has served her jail sentence, but has yet to pay the court-ordered restitution.

[3] Petitioner's counsel appeared by telephone.

[4] *See* Syl. Pt. 2, *State v. Chanze*, 211 W.Va. 257, 565 S.E.2d 379 (2002).

appeal deadline. After careful consideration, this Court concludes that the circuit court did not abuse its discretion in denying petitioner's motion to appeal and motion to dismiss.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Pocahontas County and affirm its August 16, 2012 order denying the motions.

Affirmed.

**ISSUED:**   July 8, 2013

**CONCURRED IN BY:**

**Chief Justice Brent D. Benjamin**
**Justice Robin Jean Davis**
**Justice Margaret L. Workman**
**Justice Menis E. Ketchum**
**Justice Allen H. Loughry II**