# CHARLESTON.

## NICELY v. BUTCHER.

Submitted October 30, 1917.   Decided November 6, 1917.

1. CRIMINAL LAW—*Appeal—Right.*

   One convicted by a justice of a criminal offense is entitled to an appeal from such judgment of conviction within a reasonable time thereafter.   (p. 249).

2. SAME—*Appeal—Verdict on Plea of Guilty.*

   Ordinarily an appeal does not lie in a criminal case from a judgment of conviction rendered upon a plea of guilty.   (p. 249).

3. SAME—*Acceptance of Plea of Guilty—Understanding of Nature.*

   Before receiving a plea of guilty in a criminal case, the court should see that it is made by a person of competent intelligence, freely and voluntarily, and with a full understanding of its nature and effect, and of the facts on which it is founded.   (p. 249).

4. SAME—*Plea of Guilty—Appeal.*

   If it is doubtful whether the party accused made such plea of guilty, and it clearly appears that he had no such purpose, and did not know that his actions were being so construed until afterward, when he promptly repudiated the construction given his conduct by the court, an appeal will be allowed to a judgment entered thereon.   (p. 249).

5. SAME—*Denial of Appeal—Remedy.*

   In case of the refusal of a justice to grant an appeal from a

judgment of conviction rendered by him in a criminal case, the appropriate remedy to secure the same is by petition to the court having jurisdiction to review such judgment. (p. 250).

6. SAME—*Construction of Petition for Review—Application for Appeal.*

Where a party claiming to be aggrieved by the refusal of a justice of the peace to grant him an appeal from a judgment convicting him of crime, presents a petition to the tribunal having jurisdiction to review such judgment, alleging all matters showing his right to such appeal, and from which petition it clearly appears that the relief desired is an appeal from such judgment, such petition will be treated as an application for an appeal, even though it is inappropriately designated by the pleader as a petition for a writ of mandamus, and the complaining party be granted the relief to which, from the allegations of said petition, he appears to be entitled. (p. 250).

Error to Circuit Court, Wood County.

Mandamus by Florence May Nicely against H. G. Butcher, Justice of the Peace. Writ refused by the Criminal Court, review of such action declined by the Circuit Court, and plaintiff brings error.

*Reversed and remanded.*

*J. W. Vandervort* and *R. E. Bills,* for plaintiff in error.

RITZ, JUDGE:

Upon a warrant charging her with adultery, Florence May Nicely was found guilty by the respondent H. G. Butcher, a Justice of the Peace, and adjudged to pay a fine of twenty dollars and the costs of prosecution. She applied for an appeal from this judgment, but the justice refused to grant such appeal for the reason that the application therefor was not made within ten days from the rendition of the judgment. Mrs. Nicely then filed her petition in the criminal court of Wood county, praying for a writ of mandamus to compel the justice to grant the appeal applied for. The criminal court refused the writ, and the circuit court of Wood county declined to review this action.

It appears that the warrant for Mrs. Nicely was procured by a constable, and was executed upon her at her home about

midnight. She appeared before the justice the next day and had a conference with him in private. She says she informed him that she desired to get rid of the charge against her, that she didn't even know what it was, and that the justice told her this could be done for twenty dollars and costs, which she paid him, and he gave her a receipt therefor. That when she got home she looked at the receipt and found that it was a receipt for twenty dollars and costs, a fine adjudged against her upon her plea of guilty to a charge of adultery; that she thereupon called up the justice and advised him that she had never pleaded guilty to any such charge, and that the receipt was a mistake which she desired corrected; that the justice declined to make any correction because the matter had already been entered upon his docket, and that she afterwards, in order to correct this error, applied for an appeal, which the justice refused because the application was not made until about twenty days after the judgment was entered. These facts are not in controversy, except that the justice claims she pleaded guilty to the warrant at the time she appeared at his office in answer thereto.

Was the petitioner entitled to an appeal after the expiration of ten days from the date of the judgment? We held in *State* v. *Emsweller,* 78 W. Va. 214, 88 S. E. 787, and in *State* v. *Tharp,* decided at this term of this Court, that the statute requiring appeals from the judgments of justices to be taken within ten days from the rendition of such judgments did not apply to judgments rendered by such justice upon conviction of a criminal charge, and that in such cases the accused party could exercise the right of appeal within any reasonable time. As to what is a reasonable time depends to a great extent upon the character of the parties, as to their familiarity with judicial proceedings, as well as upon the surrounding circumstances. No rule of universal application can be prescribed. Considering the unfamiliarity of the accused party in this case with proceedings of this nature, and the circumstances surrounding her, we are of the opinion that her application was not too late.

Does an appeal lie to the judgment complained of? It purports to be rendered upon a plea of guilty, and ordinarily

an appeal will not lie from a judgment of conviction in a criminal case rendered upon a confession of guilt. 3 C. J. 603; 2 R. C. L. 60. But before receiving a plea of guilty, the court should see that it is made by a person of competent intelligence, freely and voluntarily, and with a full understanding of its nature and effect, and of the facts on which it is founded. 2 R. C. L. 60; *Lowe* v. *State,* 111 Md. 1, 73 Atl. 637, 18 Ann. Cases, 744, 24 L. R. A. (N. S.) 439. It cannot be contended that these requirements were met in this instance, wherefore we do not think the right of appeal should be denied upon that ground.

Is mandamus the proper remedy? In *State* v. *Emsweller, supra,* we held that the appropriate remedy in such case was by petition to the tribunal having jurisdiction to review the judgment complained of. The petition presented in this case, however, contains all necessary allegations for a petition for an appeal from the justice's judgment, and the relief sought thereby is such appeal. It is true it is called a petition for a writ of mandamus, but the court should have regarded the allegations of the petition and the purpose to be accomplished, and treated it as a petition for an appeal.

We are of opinion to reverse the judgment of the circuit court and remand the cause with directions to grant the petitioner an appeal from the judgment complained of, to the end that she may be tried by a jury upon the charge against her.

*Reversed and remanded.*