# CHARLESTON.

STATE *v.* E. L. STONE

(No. 5420)

Submitted February 16, 1926.  Decided February 23, 1926.

CRIMINAL LAW.

A case in which points 2 and 3 of the syllabus in *Nicely* v. *Butcher,* 81 W. Va. 247, are followed and applied.

(Appeal and Error, 3 C. J. § 448; Courts, 15 C. J. § 306; Criminal Law, 16 C. J. § 737; 17 C. J. § 3324.)

(Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Cabell County.

E. L. Stone was convicted on a plea of guilty of having

possession of intoxicating liquor, and he prosecutes error.

*Reversed.*

*B. T. Clayton,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *J. Luther Wolfe,* Assistant Attorney General.

WOODS, JUDGE:

E. L. Stone complains of a judgment of the circuit court of Cabell county affirming the ruling of the court of common pleas of said county in refusing to grant him a new trial under § 174, ch. 50, Code, from a judgment entered by a justice of said county on his plea of guilty to a misdemeanor— claiming that said plea was obtained by means of coercion, intimidation, promise of reward, etc., on the part of the officers, and that he had at no time been guilty of the offense confessed to, or any other offense.

In his petition to the court of common pleas for an appeal, Stone sets out, in substance, that he, together with one Mural Carte, while returning from Huntington to Charleston in a car, was arrested without a warrant, in the Town of Milton, early Sunday morning, April 12, 1925, by a prohibition officer, on the charge of having liquor in his possession and for transporting the same; that the said Carte, upon observing the officer approaching had, without the knowledge of petitioner, emptied about a half-pint of liquor which he had in his possession out onto the floor of said car, and upon being placed under arrest admitted this act, and later confessed to having such liquor in his possession and was sentenced by a justice of the peace therefor to jail and required to pay a fine; that petitioner had absolutely no knowledge of his companion having said liquor in his possession until after the arrest. The petitioner further avers that he is strictly a temperate man; that he had not taken a drink; that he was never intoxicated in his life; that he has been in the employ of the C. & O. Railway Company for a period of fourteen years, having been a bonded clerk for the past four years. Petitioner further avers that after he was taken into custody by the officer at Milton along with his companion Carte that he

was not permitted to get in touch with his family, nor was he advised of his right to bail, counsel, etc.; that he was arraigned before the justice at 9 o'clock, Monday morning, April 13th; that the officers, after Carte's confession, advised petitioner that they would place a charge against him of having liquor in his possession, as well as a charge of transporting the same; that he would get six months and $200.00 fine under each charge, and that the automobile (belonging to one Shelton, in Charleston), which petitioner had borrowed, would be thereupon confiscated, and that he didn't have a chance to get out of it, but that they would let him off with a fine of $25.00 and sixty days in jail and restore the car to him, if he would plead guilty to a charge of operating an automobile on the roads of Cabell county while intoxicated; that petitioner still insisting that he was not guilty of any offense whatsoever, but being in a strange town, surrounded by several officers threatening his liberty and the confiscation of the automobile, without counsel or opportunity of obtaining same, actuated by the desire to have the automobile returned to the owner, and not knowing the possible outcome of such confession, was thereby induced to enter the plea complained of. That on being advised of his legal rights, petitioner appeared before such justice on the 14th day of April, by his counsel, and moved the court for an appeal from said judgment, which was refused. And petitioner further avers that if granted an appeal he can be acquitted of the charge on which he was sentenced, and asks a fair opportunity of thus establishing his innocence in a legal and proper manner. This petition is verified by the oath of the petitioner.

This matter was heard upon the petition by the court of common pleas on April 17th, 1925, and the prayer therein denied. None of the affidavits appearing in the record supporting or resisting the motion were executed until sometime after this hearing. This fact appears from the dates of their acknowledgments. Therefore, they can have no place in consideration of this motion. No contention is made by the petitioner that the justice had any knowledge of the acts or statements of the officers which influenced the petitioner's action in confessing. It is significant, however, that no affidavit of

the officer making the arrest, and who alone could testify as to the petitioner's condition respecting sobriety at the time of such arrest, nor in denial of statements influencing Stone's action, is in the record. This leaves the case to be determined here upon the uncontroverted allegations in the petition.

Ordinarily an appeal will not lie from a judgment of conviction in a criminal case rendered upon confession of guilt. 3 C. J. 603; 2 R. C. L. 60. However, before receiving a plea of guilty, the court should see that it is made by a person of competent intelligence, freely and voluntarily, and of full understanding of its nature and effect, and the facts on which it is founded. *Lowe* v. *State,* 111 Md. 1. In 16 C. J. 401 it is stated: ''To authorize the acceptance and entry of a plea of guilty and judgment and sentence thereon, the plea must be entirely voluntary. It must not be induced by fear, by misrepresentation, by persuasion, or by the holding out of false hopes, nor be made through inadvertence or by ignorance.'' This text finds support in appellate courts of Alabama, California, Connecticut, Florida, Georgia, Illinois, Indiana, Kansas, Kentucky, Louisiana, Maryland, Massachusetts, Michigan, Missouri and Tennessee. In accord with the principle here enunciated our Court, in *Nicely* v. *Butcher,* 81 W. Va. 247, held that where these requirements are not met, the judgment is improperly entered and may be reviewed on appeal. The petitioner here brings himself clearly within the rule of the last mentioned case.

The Court is therefore of opinion that the application for appeal should not have been denied, and remands the case with directions to the court of common pleas to grant the petitioner an appeal from the judgment complained of, to the end that he may be tried by a jury upon the charge against him.

*Reversed.*