# CHARLESTON.

MIKE BROWSKY *v.* JOHN PERDUE *Jailor, etc.*

(No. 5924)

Submitted May 1, 1928.   Decided May 8, 1928.

1. HABEAS CORPUS—*Warrant's Allegation of Offense is Sufficient to Defeat Habeas Corpus, if it Contains Substantial Statement Showing Commission of Particular Offense Charged.*

   The allegation of an offense in a warrant is sufficient if it contains a substantial statement showing the commission of the particular offense charged.   (p. 528.)

   (Criminal Law, 16 C. J. § 3123.)

2. CRIMINAL LAW—*Ordinarily, Judgment of Conviction Rendered on Plea of Guilty is Not Appealable.*

   Ordinarily an appeal does not lie in a criminal case from a judgment of conviction rendered upon a plea of guilty. · (p. 528.)

   (Criminal Law, 17 C. J. § 3295.)

3. SAME—*In Criminal Prosecution, Court May Permit Plea of Guilty to be Withdrawn and Another Plea Substituted in Exercise of Sound Discretion.*

   In a criminal case the court may permit the plea of guilty to be withdrawn and another plea to be entered in its place in the exercise of a sound discretion.   (p. 528.)

   (Criminal Law, 16 C. J. § 730.)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Raleigh County.

Proceeding by Mike Browsky for habeas corpus to be directed to John Perdue, Jailor. The writ was discharged, and the prisoner remanded, and he brings error.

*Affirmed.*

*C. R. Harless* and *Carl C. Sanders,* for plaintiff in error.

*Howard B. Lee,* Attorney General and *R. A. Blessing,* Assistant Attorney General, for defendant in error.

WOODS, JUDGE:

Mike Browsky complains of the action of the circuit court of Raleigh county in discharging his writ of habeas corpus and in refusing him an appeal from a judgment rendered by a justice of said county.

Browsky was arraigned before W. H. Ford, Justice, on the 15th day of November, 1926, charged with a violation of the road law, to-wit, unlawfully operating an automobile on the public roads of Raleigh county while intoxicated. He pleaded guilty, and, upon request, the justice granted him two days in which to arrange his business affairs before passing sentence. On the 17th Browsky appeared with his attorney, and secured a continuance until the 30th day of December, giving bond for his appearance. On the latter date he again appeared and asked permission to withdraw his plea of guilty and to be afforded a trial, which request was refused, and sentence pronounced. An application for an appeal to the criminal court of the county was made at this time, and refused by said justice, and Browsky was committed to the custody of the jailor.

A writ of habeas corpus was sued out against the jailor, and, on a hearing, the circuit court discharged the writ and remanded the prisoner. A motion was then made to consider the petition for habeas corpus as a petition for an appeal, and the return of the jailor as an answer thereto, which motion was allowed by the court. Respondent demurred to this petition, but the demurrer was overruled, and the court, after hearing the argument of counsel on said petition, the answer, and the statement and evidence of the Justice, refused the appeal.

The warrant, though a little crudely drawn, in our opinion sufficiently charges the petitioner with the statutory offense of unlawfully operating an automobile on the public roads of said county while intoxicated (section 88, Chapter 43, Code) and satisfies the requirements of section 223, Chapter 50, Code, as to substance. Being a valid warrant, the imprisonment ordered thereunder by the Justice does not amount to illegal imprisonment, so as to warrant discharge on habeas corpus. *Ex parte Evans,* 42 W. Va. 242; *Ex parte Kirby,* 100 W. Va. 70; *Ex parte Mooney,* 26 W. Va. 36.

Ordinarily an appeal will not lie from a judgment of conviction in a criminal case rendered upon a confession of guilt. 3 C. J. 603; 2 R. C. L. 60. *State* v. *Stone,* 101 W. Va. 53; *Nicely* v. *Butcher, Justice,* 81 W. Va. 249. But the court, before receiving a plea of guilty, should be satisfied that it is freely and voluntarily made and that the party making it is a person of competent intelligence and understands its purport and effect and the facts on which it is founded. *State* v. *Stone, supra; Nicely* v. *Butcher, supra.* The entry of such a plea is in effect a conviction and the equivalent of a finding of guilty by a jury. And the court must pronounce judgment and sentence as upon a verdict of guilty. When entered, the plea's subsequent withdrawal prior to judgment is within the sound discretion of the court. *State* v. *Stevenson,* 67 W. Va. 553; *State* v. *Stevenson,* 64 W. Va. 392; *State* v. *Shanley,* 38 W. Va. 516. The final order shows that testimony of the Justice was received and considered, and in the absence of such evidence in the record, it is to be presumed that the circuit court in passing on the petition for appeal was thoroughly satisfied that the plea of guilty was entered under proper circumstances, and that the Justice did not abuse his discretion in denying petitioner the right to withdraw the same.

Perceiving no error in the judgment, the same is accordingly affirmed.

*Affirmed.*