STATE OF WEST VIRGINIA

*ex rel.* WILLIAM O'NEILL

*v.*

THE HONORABLE BERKELEY GAY,

MAGISTRATE, *And* LYLE S. CATLETT,

SHERIFF, BERKELEY COUNTY,

WEST VIRGINIA

(No. 15166)

STATE OF WEST VIRGINIA

*ex rel.* LUTHER THOMAS DEEDS

*v.*

JAMES BLUME, SHERIFF OF

SUMMERS COUNTY

( No. 15353)

Decided December 18, 1981.

Steven M. Askin, Askin & Burke, for O'Neill.

*Charles R. Garten, Jr.,* for Deeds.

*Chauncey H. Browning*, Attorney General, *Gregory W. Bailey, Deputy* Attorney General, for Gay and Blume.

McHUGH, JUSTICE:

These consolidated actions, No. 15166 and No. 15353, are before this Court upon the question of whether an appeal may be taken to circuit court from a plea of guilty entered in magistrate court. This Court has before it the petitions of William O'Neill and Luther Thomas Deeds who seek relief from their magistrate court convictions entered upon pleas of guilty. Also before this Court are all matters of record and the briefs and argument of counsel.

### ACTION NO. 15166
### WILLIAM O'NEILL

The action of William O'Neill is before this Court upon an appeal from the final order, entered March 10, 1980, of the Circuit Court of Berkeley County, West Virginia, which order denied an appeal by O'Neill to the circuit court from his Berkeley County magistrate court conviction of the misdemeanor offense of battery.

The petition for appeal to this Court indicates that on Saturday evening, March 1, 1980, members of the Berkeley County Sheriff's Department arrested the appellant upon an arrest warrant charging him with the offense of battery, a misdemeanor. That warrant was issued by Magistrate Berkeley A. Gay of Berkeley County and resulted from an alleged domestic dispute between the appellant and the appellant's wife.

The appellant alleges that upon his arrest he was taken to the home of Magistrate Gay where the appellant, without counsel, entered a plea of guilty to the battery warrant. At that time, the appellant was adjudged guilty as charged and sentenced by Magistrate Gay to twenty days in the Berkeley County jail. The appellant further alleges that as a result of his plea of guilty, Magistrate Gay refused to permit the appellant to process an appeal

from the battery conviction and refused to set bond for an appeal. [1]

On March 7, 1980, the appellant, seeking relief from his magistrate court conviction, filed a "Petition for Appeal and/or Habeas Corpus and/or Mandamus" in the Circuit Court of Berkeley County. A hearing was held upon that petition on March 10, 1980. As stated in its order of March 10, 1980, the circuit court concluded that, inasmuch as the appellant in magistrate court had freely and voluntarily entered a plea of guilty to the offense of battery, all rights to appeal had been waived. In that order, the circuit court concluded as follows:

> "The guilty plea entered by the Petitioner to the charge of battery on March 1, 1980 was freely and voluntarily made by the Petitioner after having been first advised by the Court of the charges against him and of his rights under the Constitutions of the United States and of the State of West Virginia; under the laws of the State of West Virginia, a guilty plea having been finally made and freely entered into constitutes a waiver of all rights to appeal."

It is from the March 10, 1980, final order of the Circuit Court of Berkeley County, West Virginia, that the appellant appeals to this Court. By order entered March 11, 1980, this Court stayed the execution of the appellant's sentence.

### ACTION NO. 15353
### LUTHER THOMAS DEEDS

The action of Luther Thomas Deeds is before this Court upon his pro se petition filed with this Court on August 11, 1981, for a writ of habeas corpus. That petition was filed

---

[1] The record in the O'Neill action indicates that O'Neill was, in fact, taken to the magistrate's home where he entered a plea of guilty to battery and was then sentenced. It was highly improper for the magistrate to conduct such judicial proceedings in her home rather than in a court facility. Those judicial proceedings were to be public proceedings and should never have been conducted at the magistrate's private residence. *U.S. Const.*, amend. VI; *W. Va. Const.*, art. III, § 14.

pursuant to the provisions of the West Virginia Post-Conviction Habeas Corpus Act, *W. Va. Code*, 53-4A-1 [1967], *et seq.*

In his petition, Deeds seeks relief from various misdemeanor convictions entered upon pleas of guilty in the Summers County, West Virginia, magistrate court. On July 8, 1981, Summers County Magistrate J. L. Romanello sentenced the defendant to six months and fifteen days in the Summers County jail. As a result of the defendant's guilty pleas, Magistrate Romanello denied the defendant an appeal.

By order dated October 1, 1981, this Court issued a writ of habeas corpus ad subjiciendum in the Deeds action upon the question of whether an appeal may be taken to circuit court from a plea of guilty entered in magistrate court.

The right of appeal from a magistrate court is recognized in the Constitution of West Virginia. As *W. Va. Const.*, art. VIII, § 10, provides in part: "The legislature shall establish in each county a magistrate court or courts with the right of appeal as prescribed by law." With respect to appeals, the legislative reaction to this constitutional provision is expressed in *W. Va. Code*, 50-5-13 [1976]. That section states as follows:

> "Any person convicted of an offense in a magistrate court may appeal such conviction to circuit court by requesting such appeal within twenty days of the sentencing for such conviction. The magistrate may require the posting of bond with good security conditioned upon the appearance of the defendant as required in circuit court, but such bond may not exceed the maximum amount of any fine which could be imposed for the offense. Such bond may be upon the defendant's own recognizance. An appeal may be granted by a judge of the circuit court of the county within ninety days from the date of sentencing. The filing or granting of an appeal shall automatically

stay the sentence of the magistrate. Trial in circuit court shall be de novo."[2]

This Court has held that "[o]rdinarily an appeal does not lie in a criminal case from a judgment of conviction rendered upon a plea of guilty." Syl. pt. 2, *Browsky v. Perdue*, 105 W. Va. 527, 143 S.E. 304 (1928). *See also State v. Stone*, 101 W. Va. 53, 56, 131 S.E. 872, 873 (1926); Syl. pt. 2, *Nicely v. Butcher*, 81 W. Va. 247, 94 S.E. 147 (1917). That rule is somewhat limited, however, as we indicated in Syl. pt. 1, *State v. Sims*, 162 W. Va. 212, 248 S.E.2d 834 (1978): "A direct appeal from a criminal conviction based on a guilty plea will lie where an issue is raised as to the voluntariness of the guilty plea or the legality of the sentence."

---

[2] A statute similar to *W. Va. Code*, 50-5-13 [1976], appeared in this State as early as 1863. The 1863 appeal provisions stated:

11. Every person against whom judgment is rendered by a justice in a case of misdemeanor or breach of the peace, by which imprisonment is awarded, shall be allowed by such justice an appeal, as of right, to the circuit court of the county, upon giving bond or recognizance, with security approved by the justice, to appear before such court on the first day of the next term thereof and to satisfy such judgment as the said court may award against him. If such person, previous to the trial, has been in custody for want of bail which he is still unable to give, an appeal as aforesaid shall be allowed him without such bond or recognizance, but he shall continue in custody until the same is given.

12. When an appeal is allowed under the preceding section, the justice shall prepare and certify a transcript of his docket, and transmit the same, together with all the papers in the case, to the clerk of the circuit court of his county, who shall docket the case in his court, and the proceedings thereafter shall be the same, as near as may be, as if the accused had been presented or indicted by a grand jury; but the said court shall proceed to try the case upon its merits, without indictment or presentment, and shall admit all legal evidence offered on either side, whether the same was, or was not, offered before the justice, and give such judgment as the law and the evidence may require. If the accused is found guilty, the judgment shall include the costs properly awarded against him by the justice, as well as those incurred in the said court. All subsequent proceedings shall be under, and according to, the judgment of the said court, and not that of the justice."

1863 *W. Va. Acts*, ch. 132, §§ 11, 12.

In *Nicely*, the defendant was convicted before a justice of the peace in Wood County, West Virginia, upon a warrant charging the defendant with adultery. The justice entered the conviction upon a plea of guilty, although subsequently the defendant contended that she never intended to plead guilty to the charge. This Court held in *Nicely* that the defendant had exercised her right to appeal the judgment of the justice of the peace within a reasonable time. Furthermore, this Court stated as follows with respect to the defendant's appeal from the entry of a guilty plea by the justice:

> Does an appeal lie to the judgment complained of? It purports to be rendered upon a plea of guilty, and ordinarily an appeal will not lie from a judgment of conviction in a criminal case rendered upon a confession of guilt. ... But before receiving a plea of guilty, the court should see that it is made by a person of competent intelligence, freely and voluntarily, and with a full understanding of its nature and effect, and of the facts on which it is founded. ... It cannot be contended that these requirements were met in this instance, wherefore we do not think the right of appeal should be denied upon that ground.

94 S.E. at 148.

The *Nicely* case was cited by this Court in *State v. Stone, supra,* which case also involved a plea of guilty before a justice of the peace. In *Stone*, the defendant entered a plea of guilty before a Cabell County, West Virginia, justice of the peace to a misdemeanor liquor violation. The justice then refused the defendant's motion for appeal. Specifically, the defendant contended that his guilty plea was involuntarily given and resulted from intimidation and promise of reward. This Court in *Stone* held that the appeal of the defendant should not have been denied.

The *Browsky* case, *supra,* also involved a plea of guilty before a justice of the peace. In *Browsky*, the defendant entered a plea of guilty before a Raleigh County, West

Virginia, justice of the peace to the offense of driving while intoxicated. The justice then refused the defendant's application for appeal. Subsequently, the Circuit Court of Raleigh County refused the defendant's appeal. In so ruling, however, the circuit court considered the issue of whether the defendant's guilty plea was voluntary, and testimony from the justice of the peace was taken. Citing the *Nicely* and *Stone* cases, this Court in *Browsky* affirmed the ruling of the circuit court.

As the *Nicely*, *Stone* and *Browsky* cases indicate, this Court has determined that in certain circumstances, such as where the guilty plea was involuntarily given, an appeal to circuit court may be taken from a guilty plea entered in magistrate court. An excellent article upon the question of appeals from guilty pleas entered in magistrate courts appears in *Annot.*, 42 A.L.R.2d 995 (1955), where it is stated:

> A number of courts, taking cognizance of statutory or constitutional provisions that upon appeal from an inferior tribunal trial is to be held de novo, have reasoned that a plea of guilty in such a case should not preclude an appeal, since upon the trial following the appeal the former plea would not be considered, trial being in all respects de novo, and withdrawal of the plea of guilty upon appeal being a matter of right.[3]

42 A.L.R.2d at 1003.

It should be noted that neither *W. Va. Const.*, art. VIII, § 10, nor *W. Va. Code*, 50-5-13 [1976], concerning appeals

---

[3] 42 A.L.R.2d 995 (1955) states, in part, as follows:

A further argument for permitting an appeal after a plea of guilty is the requirement that, since the inferior courts are not courts of record, the cause be heard anew without regard to what transpired in the lower court.

* * *

"On the other hand, appeals have been permitted under particular circumstances. Thus, where a plea of guilty is not voluntary, but is induced by fraud, coercion, or judicial misconduct, such irregularities will not operate to cause the accused to lose his right of appeal, despite his plea."

42 A.L.R.2d at 998, 999.

from magistrate court, attempts to limit such appeals to cases where the defendant entered a plea of not guilty and a trial resulted in a finding of guilt. Rather, the language of the constitutional provision, relating to the "right of appeal," and the statutory provision, stating that "[a]ny person convicted of an offense in a magistrate court may appeal such conviction," clearly indicates that an appeal to circuit court from a guilty plea entered in magistrate court is required.

The language of *W. Va. Const.*, art. VIII, § 10 and *W. Va. Code*, 50-5-13 [1976], does not limit the right of appeal to special circumstances. The right of the defendant to appeal from magistrate court to circuit court in a criminal case should not be qualified by the defendant having to allege and prove error committed by the magistrate court. The magistrate court is not a court of record in this State, and appeals from such courts to the circuit court result in proceedings de novo. We are of the opinion, therefore, that if the defendant complies with the provisions of *W. Va. Code*, 50-5-13 [1976], he need not allege other matters to secure his appeal to circuit court.

Accordingly, we hold that pursuant to the provisions of *W. Va. Code*, 50-5-13 [1976], a defendant who pleads guilty in magistrate court to a criminal offense may appeal to circuit court. To obtain such appeal under that statute from magistrate court, the defendant need not allege error committed by the magistrate court.

In the O'Neill action, the final order of the Circuit Court of Berkeley County is hereby reversed, and the appellant shall be granted an appeal to that court from his magistrate court conviction. In the Deeds action, the writ of habeas corpus as awarded is hereby moulded to the extent that the petitioner shall be granted an appeal to the Circuit Court of Summers County from his magistrate court convictions.

<div style="text-align: right">

No. 15166—*Reversed.*
No. 15353—*Writ granted as moulded.*