IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2023 Term

_____

No. 21-0972

_____

FILED

**November 7, 2023**

released at 3:00 p.m.

EDYTHE NASH GAISER, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Plaintiff Below/Respondent,

v.

JAY FOLSE,
Defendant Below/Petitioner.

_____

Appeal from the Circuit Court of Monongalia County
The Honorable Phillip Gaujot, Judge
Case No. 21-MAP-12

REVERSED AND REMANDED WITH DIRECTIONS

_____

Submitted: October 11, 2023
Filed: November 7, 2023

Jeremy B. Cooper, Esq.
Blackwater Law PLLC
Aspinwall, Pennsylvania
Counsel for Petitioner

Patrick Morrisey, Esq.
Attorney General
Michael R. Williams, Esq.
Principal Deputy Solicitor General
Mary Beth Niday, Esq.
Assistant Attorney General
Charleston, West Virginia
Counsel for Respondent

CHIEF JUSTICE WALKER delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.    "'In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.' Syl. Pt. 2, *Walker v. West Virginia Ethics Commission,* 201 W.Va. 108, 492 S.E.2d 167 (1997)."  Syllabus Point 1, *State v. Meadows*, 231 W. Va. 10, 743 S.E.2d 318 (2013).

2.    "A statute that is ambiguous must be construed before it can be applied."  Syllabus Point 1, *Farley v. Buckalew*, 186 W. Va. 693, 414 S.E.2d 454 (1992).

3.    "The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature."  Syllabus Point 1, *Smith v. State Workmen's Compensation Commissioner*, 159 W. Va. 108, 219 S.E.2d 361 (1975).

**WALKER, Chief Justice:**

Petitioner Jay Folse pled no contest to obstructing an officer in 2019, without counsel, in magistrate court. Later, Mr. Folse attempted to appeal the conviction to the Circuit Court of Monongalia County under West Virginia Code § 50-5-13 (1994). But the circuit court dismissed Mr. Folse's appeal, reasoning that Mr. Folse's no-contest plea in magistrate court resolved the case and barred him from pursuing appellate review in circuit court. On appeal, Mr. Folse contends that the circuit court erroneously dismissed his appeal on the basis that he pled no contest in magistrate court. We agree. Under § 50-5-13(a), "any defendant" may timely appeal a conviction in magistrate court to circuit court, save a class of defendants specified in § 50-5-13(e)—a class to which Mr. Folse does not belong. And § 50-5-13(a) and (b) afford a defendant such as Mr. Folse a trial de novo, to the circuit court, without a jury. For those reasons, we reverse the circuit court's order and remand this case for further proceedings in accord with this Opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 31, 2019, a criminal complaint was filed with the Magistrate Court of Monongalia County alleging that Mr. Folse had violated West Virginia Code §§ 61-6-1B (disorderly conduct), 61-5-17(a) (obstruction of an officer), and 61-3B-4 (trespassing) in the course of attending a meeting of the Board of Governors of West Virginia University. On December 17, 2019, Mr. Folse—then self-represented—entered into a plea agreement in which he agreed to plead no contest to obstructing an officer in exchange for dismissal

of the two remaining charges and the State's recommendation of a ninety-day jail sentence (suspended) and two years' unsupervised probation. Mr. Folse entered a no-contest plea that same day. The magistrate accepted the no-contest plea, imposed the State's recommended sentence, and dismissed the disorderly conduct and trespassing charges. Judgement orders reflecting Mr. Folse's no-contest plea and dismissal of the disorderly conduct and trespassing charges were also entered on December 17, 2019.

On January 12, 2021, Mr. Folse (again, self-represented) filed a "Motion for Dismissal Due to Failure to Provide Speedy Trial [Three Term Rule]." According to Mr. Folse, he had filed an appeal of his December 2019 conviction, but had not been tried in the three, ensuing court terms. So, according to Mr. Folse, the magistrate was bound to dismiss the case, with prejudice, under West Virginia Code § 62-3-21 (1959).[1] The State responded that the magistrate court docket did not reflect that Mr. Folse had appealed from

---

[1] West Virginia Code § 62-3-21 (1959) provides, in pertinent part, that,

> every person charged with a misdemeanor before a justice of the peace . . . and who has therein been found guilty and has appealed his conviction of guilt and sentence to a court of record, shall be forever discharged from further prosecution for the offense set forth in the warrant against him, if after his having appealed such conviction and sentence, if after his having appealed such conviction and sentence, there be three regular terms of such court without a trial . . . .

Section 62-3-21 provides for exceptions to the effect of that rule. Mr. Folse represents that none of those exceptions apply to the present circumstances.

the December 2019 conviction, so he had not complied with Rule 20.1 of the West Virginia Rules of Criminal Procedure for Magistrate Courts[2] and his three-term-rule argument was meritless.[3] The magistrate court conducted a hearing on Mr. Folse's motion on or about March 2, 2021, but it is unclear whether the motion was ever ruled on.[4]

On April 6, 2021, Mr. Folse filed a petition for a writ of mandamus in the Circuit Court of Monongalia County. Mr. Folse sought "a writ to compel [the magistrate court] to transfer a criminal appeal to [c]ircuit [c]ourt." In the petition, Mr. Folse represented that "[a]fter the hearing and plea agreement, [he had] filed an appeal with in [sic] twenty days. . . . The appeal was filed with Magistrate Saundra Holepit as she was

---

[2] Rule 20.1 of the Rules of Criminal Procedure for Magistrate Courts specifies, among other things, that an appeal from a criminal conviction in magistrate court to circuit court must be filed within twenty days after sentencing.

[3] Mr. Folse did not include the State's response to his motion to dismiss in the appendix record. Although the State noted that omission, it did not supplement the appendix to include the brief. Instead, the State elected to rely on the description of its arguments in opposition to the motion to dismiss contained in its response to Mr. Folse's petition for mandamus relief to the Circuit Court of Monongalia County.

[4] According to Mr. Folse, "no order apparently resulted from the hearing" on his motion to dismiss. The State contends that the magistrate court denied Mr. Folse's motion and cites to two pages in the appendix record for support. The first citation leads to the magistrate court case docket, which reflects a hearing on or about March 2, 2021, but does not reflect entry of an order on Mr. Folse's motion following that hearing. The second citation leads to page 7 of the State's brief in response to Mr. Folse's petition to the Circuit Court of Monongalia County for mandamus relief. On that page, the State simply represents that the magistrate court denied Mr. Folse's motion and that he failed to appeal that ruling.

3

assigned to the case and a copy was mailed to the prosecutor's office." Mr. Folse also represented that when he later telephoned the magistrate's office and asked why he had not received notice that his appeal had been docketed, he was told variably that he did not have a right to an appeal because he had signed a plea agreement, a certain staff member would return his call, or to seek legal counsel. The State responded that Mr. Folse had no clear legal right to the relief he sought because the magistrate court's docket did not reflect that Mr. Folse had filed an appeal with that court within twenty days of sentencing for his conviction. Despite that, the State also acknowledged receiving service of a copy of a "Petition for Appeal of Bench Trial" from Mr. Folse, dated January 6, 2020. The court conducted a hearing on Mr. Folse's petition on July 22, 2021. On July 28, 2021, the court granted Mr. Folse's petition and entered an order giving him twenty days from the hearing date to perfect his appeal in magistrate court.

Mr. Folse filed a "Petition for Appeal of Criminal Case" on July 28, 2021, in magistrate court, in which he requested "that there be a *trial de novo* and reserve[d] the right to a *trial by jury*."[5] There, Mr. Folse argued that he was entitled to appeal his magistrate court conviction to circuit court despite his no-contest plea and that once in

---

[5] Emphasis in original.

circuit court, he was owed a jury trial under West Virginia Code § 50-5-13(b), discussed in detail, *infra*.[6]

The case was then sent to circuit court, where, on August 4, 2021, Mr. Folse filed a "motion to dismiss a criminal charge of obstructing an officer." Mr. Folse argued that his 2019 arrest was not supported by probable cause, the obstruction charge violated various constitutional protections, and the case was subject to dismissal under West Virginia Code § 62-3-21. The circuit court docket does not reflect that the State filed a response to Mr. Folse's motion.

Two weeks later, Mr. Folse moved the circuit court to modify the conditions of his bond. The circuit court conducted a hearing on that motion on September 3, 2021. The court went further, though, and denied Mr. Folse's appeal, entirely. The court stated:

> I find that this matter came on for hearing on a plea agreement, that the plea agreement was signed by Mr. Folse. Pursuant to that plea agreement, he pled guilty – a no contest plea to obstruction. The other two charges were dismissed. An appeal has – was not timely filed. Therefore, a motion for change of bond conditions and your motion to dismiss is [sic] untimely. This matter has been dismissed based upon a satisfactory plea

---

[6] On appeal, Mr. Folse does not argue for a jury trial de novo in circuit court. Instead, he seeks a trial de novo to the circuit court, without a jury.

of no contest. This matter, Case Number 19-M-3409 is hereby dismissed.

On November 1, 2021, the court entered an order memorializing its rulings made during the September 2021 hearing. In that order, the court explained the denial of Mr. Folse's appeal as follows:

> Based on its review of the record, and the proffers of the parties at hearing, this [c]ourt finds that the satisfactory entry of [Mr. Folse's] no contest plea resolved [his] underlying criminal case in [magistrate court], and consequently, this matter as well. Accordingly, in light of [Mr. Folse's] entry of his no contest plea [in magistrate court], this [c]ourt ORDERS that the instant [circuit court] matter . . . is hereby DISMISSED.
>
> Notwithstanding the entry of his no contest plea in [m]agistrate [c]ourt, [Mr. Folse] has filed motions in this case, including a Motion to Dismiss, and the Motion to Modify Bond Conditions presently before the [c]ourt. This [c]ourt finds that this matter has been previously adjudicated by [Mr. Folse's] entry of his no contest plea in [magistrate court], and consequently, these motions are untimely and therefore DENIED.

Mr. Folse appeals that order.

## II. STANDARD OF REVIEW

We review the circuit court's order denying Mr. Folse's appeal from his conviction in magistrate court for an abuse of discretion, a standard we have detailed numerous times:

6

"In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 2, *Walker v. West Virginia Ethics Commission*, 201 W.Va. 108, 492 S.E.2d 167 (1997).[7]

## III. ANALYSIS

Mr. Folse contends that the circuit court failed to comply with West Virginia Code § 50-5-13 when it denied his appeal from magistrate court and request for a trial de novo in circuit court.[8] He asks this Court to vacate the circuit court's order of November

---

[7] Syl. Pt. 1, *State v. Meadows*, 231 W. Va. 10, 743 S.E.2d 318 (2013); *see State v. Garman*, No. 13-0433, 2014 WL 1673031, at *2 (W. Va. Apr. 25, 2014) (memorandum decision) (reviewing circuit court's order denying appeal from a conviction in magistrate court for abuse of discretion).

[8] Mr. Folse also asserts that the circuit court erred by failing to address the collateral issues raised in his motion to dismiss. He provides some discussion of the merits of those theories, but his true goal is clear: a "remand . . . for a de novo trial and further consideration of [his] collateral claims . . . ." The State does not respond to the substance of Mr. Folse's arguments because it, too, asks the "Court to remand this matter to the [c]ircuit [c]ourt," albeit for a more fulsome order, rather than further proceedings. As stated below, we are reversing the circuit court's order dismissing Mr. Folse's appeal and remanding this case for further proceedings, during which the circuit court may address the collateral arguments presented in Mr. Folse's motion to dismiss in due course. We are in no way commenting on the quality of Mr. Folse's arguments or the veracity of the factual representations made in the motion to dismiss.

7

2021, to remand the case for a trial de novo to the circuit court, and to require consideration of his collateral claims on remand.

The State concedes that Mr. Folse is entitled to appeal his magistrate court conviction to circuit court. But that is the end of the parties' accord because the State contends that under § 50-5-13, Mr. Folse is "entitled to a *de novo* hearing in the [c]ircuit [c]ourt of the record from the [m]agistrate [c]ourt," only, as opposed to a trial de novo to the circuit court, as Mr. Folse contends. The State does not address the substance of Mr. Folse's second assignment of error. Instead, it deems the findings and conclusions in the circuit court's order "minimal" and asks that this matter be remanded for an order sufficient to permit this Court's review.

Mr. Folse's first assignment of error requires this Court to consider § 50-5-13.[9] "In determining how a specific statute should be applied, '[w]e look first to the statute's language. If the text, given its plain meaning, answers the interpretive question,

---

[9] Article VIII, § 10 of the Constitution of West Virginia requires that "[t]he Legislature shall establish in each county a magistrate court or courts with the right of appeal as prescribed by law." "A statute similar to *W.Va. Code*, 50-5-13 [1976], appeared in this State as early as 1863." *State ex rel. O'Neill v. Gay*, 169 W. Va. 16, 20 n.2, 285 S.E.2d 637, 639 n.2 (1981).

the language must prevail and further inquiry is foreclosed.'"[10]  On the contrary,  "[a] statute that is ambiguous must be construed before it can be applied."[11]  We have recognized that "[w]hile 'silence does not equate to ambiguity[,]' 'silence may render a statute ambiguous when the missing subject reasonably is necessary to effectuate the provision as written.'"[12]  Of course, "[t]he primary object in construing a statute is to ascertain and give effect to the intent of the Legislature."[13]  With that foundation laid, we turn to § 50-5-13 and the parties' arguments.[14]

## A.    *W. Va. Code § 50-5-13(a) and (e)*

The parties agree that Mr. Folse, who entered a no-contest plea in magistrate court, unrepresented, may appeal the resulting conviction to circuit court.  Based on the

---

[10] *Ancient Energy, Ltd. v. Ferguson*, 239 W. Va. 723, 726, 806 S.E.2d 154, 157 (2017) (quoting *Appalachian Power Co. v. State Tax Dep't of W. Va.*, 195 W. Va. 573, 587, 466 S.E.2d 424, 438 (1995)).

[11] Syl. Pt. 1, *Farley v. Buckalew*, 186 W. Va. 693, 414 S.E.2d 454 (1992).

[12] *McElroy Coal Co. v. Schoene*, 240 W. Va. 475, 492, 813 S.E.2d 128, 145 (2018) (quoting *State v. Ramos*, 49 A.3d 197, 204 (Conn. 2012) (citations omitted)).

[13] Syl. Pt. 1, *Smith v. State Workmen's Comp. Comm'r*, 159 W. Va. 108, 219 S.E.2d 361 (1975).

[14] West Virginia Code § 50-5-13 is a lengthy statute.  For the ease of the reader, we reproduce in the body of the opinion the pertinent subsections, only, rather than the entire statute.  We label each portion of the following analysis accordingly.

plain language of subsections (a) and (e) of § 50-5-13, we agree and conclude that the circuit court erred when it dismissed Mr. Folse's appeal.

Subsections (a) and (e) of § 50-5-13 provide, in pertinent part,

> (a) Any person convicted of an offense in a magistrate court may appeal such conviction to circuit court as a matter of right by requesting such appeal within twenty days after the sentencing for such conviction.
>
> . . . .
>
> (e) Notwithstanding any other provision of this code to the contrary, there shall be no appeal from a plea of guilty where the defendant was represented by counsel at the time the plea was entered: Provided, That the defendant shall have an appeal from a plea of guilty where an extraordinary remedy would lie or where the magistrate court lacked jurisdiction.

In sum, under (a), "[a]ny person convicted of an offense in a magistrate court may appeal such conviction to circuit court as a matter of right," subject to the proviso in (e). There, the Legislature qualified the phrase "any person," and excised from that class granted an appeal by right those defendants who pled guilty in magistrate court "where the defendant was represented by counsel at the time the plea was entered . . . ."[15] While Mr.

_____

[15] *See also* R. Crim. P. for Mag. Cts. of W. Va. 20.1(a) ("Except for persons represented by counsel at the time a guilty plea is entered, any person convicted of a misdemeanor in a magistrate court may appeal such conviction to the circuit court as a matter of right."). Section 50-5-13(e) and Rule 20.1(a) speak to a guilty plea, rather than

10

Folse pled no contest in magistrate court, he was not represented by counsel when he entered that plea. Consequently, Mr. Folse is a "person" entitled to appeal his conviction in magistrate court to circuit court under West Virginia Code § 50-5-13(a) and the circuit court erred by concluding otherwise.[16]

### B.      *West Virginia Code § 50-5-13(b)*

The question is what happens once Mr. Folse is in circuit court? West Virginia Code § 50-5-13(b) would answer that question had Mr. Folse been convicted in magistrate court after a jury trial or a bench trial. Subsection (b) states:

---

a no-contest plea. The parties do not dispute that those provisions would also apply to a no-contest plea entered by a defendant when unrepresented by counsel.

[16] The elephant in this room, of course, is that after waiving his right to a jury trial in magistrate court, Mr. Folse elected to enter a plea of no contest. Ordinarily, in circuit court, "a criminal defendant who pleads guilty has . . . waived his or her right to appeal," except where the issue on appeal is "'the voluntariness of the guilty plea or the legality of the sentence.'" *State v. Howell*, No. 16-0541, 2018 WL 7075301, at *3 (W. Va. Apr. 13, 2018) (memorandum decision) (quoting Sy. Pt. 1, *State v. Sims*, 162 W. Va. 212, 248 S.E.2d 834 (1978)). But, in terms of a guilty plea entered in magistrate court, the Legislature has adopted a different rule—that "there shall be no appeal from a plea of guilty where the defendant was *represented* by counsel at the time the plea was entered," only. W. Va. Code § 50-5-13(e) (emphasis added). "In the interpretation of statutory provisions the familiar maxim *expressio unius est exclusio alterius*, the express mention of one thing implies the exclusion of another, applies." Syl. Pt. 3, *Manchin v. Dunfee*, 174 W. Va. 532, 327 S.E.2d 710 (1984). Consequently, we are left with no choice but to conclude that those defendants who enter a guilty plea in magistrate court, *unrepresented*, remain within that category of persons "convicted of an offense in a magistrate court [who] may appeal such conviction to circuit court as a matter of right . . . ." W. Va. Code § 50-5-13(a).

11

In the case of an appeal of a criminal proceeding tried before a jury, the hearing on the appeal before the circuit court shall be a hearing on the record. In the case of an appeal of a criminal proceeding tried before the magistrate without a jury, the hearing on the appeal before the circuit court shall be a trial de novo, triable to the court, without a jury.

So, under subsection (b), the circuit court hears an appeal following a jury trial in magistrate court "on the record,"[17] while the hearing on appeal from a bench trial is a trial "de novo, triable to the [circuit] court, without a jury."[18] But the statute is silent as to the form of hearing in circuit court due to a defendant like Mr. Folse—one eligible to appeal to circuit court under § 50-5-13(a), but whose magistrate court conviction followed neither a jury nor a bench trial. That omission leads us to conclude that § 50-5-13(b) is ambiguous; Mr. Folse's right to an appeal under § 50-5-13(a) cannot be realized until this Court ascertains the legislative intent behind § 50-5-13(b), and then implements that intent by directing that Mr. Folse receive either a hearing on the magistrate court record in circuit court or a trial to the circuit court, de novo.

---

[17] *See also* R. Crim. P. for Mag. Cts. of W. Va. 20.1(d) ("An appeal of a magistrate court criminal proceeding tried before a jury shall be heard on the record in circuit court.").

[18] W. Va. Code § 50-5-13(b); *see also* W. Va. Code § 50-5-13(d) ("[i]n the case of an appeal of a criminal proceeding tried without a jury, the party seeking the appeal shall file with the circuit court a petition for appeal and trial de novo").

As should be clear from the preceding overview of § 50-5-13(b), the Legislature views appeals from jury trials and bench trials in magistrate court differently. This is evident not only in § 50-5-13(b), but also in West Virginia Code § 50-5-8(e) and (f) (1994) ("Trial by jury; trial to the court.").[19]  In pertinent part, § 50-5-8(e) and (f) state,

> (e) For purposes of appeal, when a jury trial is had in magistrate court, the magistrate court shall be a court of limited record. Trials before a magistrate when a jury is empaneled shall be recorded electronically. . . .

> (f) If neither party to a civil action demands a jury trial, or if the defendant in a criminal proceeding waives the right to trial by jury, the matter shall be tried by the magistrate sitting without a jury. For purposes of appeal, when a nonjury trial is had in magistrate court, the magistrate court shall not be a court of limited record and the magistrate shall not electronically record the action or proceeding.

Subsection (e) of § 50-5-8 requires the magistrate court to function as a "court of limited record" and to electronically record jury trials held there "[f]or purposes of appeal."  "The reason for requiring electronic recording under [50-5-8(e)] is to enable the circuit court to decide the appeal without hearing further evidence, as required by section 50-5-13(b), and to preserve a record for further appeal."[20]  Section 50-5-8(f) does

---

[19] Article VIII, § 10 provides that magistrate courts "shall be courts of record if so prescribed by law."  *See, e.g.*, W. Va. Code § 50-5-8(e); *see also* W. Va. R. Crim Pro. 5.1(c)(1) ("A magistrate shall record electronically every preliminary examination conducted.").

[20] *State v. Bergstrom*, 196 W. Va. 656, 659, 474 S.E.2d 586, 589 (1996).

13

not impose the same requirements on the magistrate court when a defendant "waives the right to trial by jury . . . and a nonjury trial is had in magistrate court . . . ."[21] In those circumstances, the magistrate court is prohibited from recording; "[f]or purposes of appeal," it does not function as a "court of limited record."[22]

Section 50-5-8(e) and (f) along with § 50-5-13(a)[23] and (b) lead us here: the Legislature requires magistrate courts to make a "limited record"—i.e., an electronic recording—for purposes of appeal from jury trials but it prohibits magistrate courts from doing so for purposes of appeal from bench trials. So, the defendant appealing from a jury trial in magistrate court can make use of the trial "testimony or other matters reflected in the recording . . . in prosecuting [his] appeal,"[24] which enables the circuit court to "take[]

---

[21] W. Va. Code § 50-5-8(f).

[22] *Id*.

[23] *Id*. § 50-5-13(a) ("Any person convicted of an offense in a magistrate court may appeal such conviction to circuit court as a matter of right by requesting such appeal within twenty days after the sentencing for such conviction.").

[24] *Id*. § 50-5-13(c)(1) ("To prepare the record for appeal, the defendant shall file with the circuit court a petition setting forth the grounds relied upon, and designating those portions of the testimony or other matters reflected in the recording, if any, which he or she will rely upon in prosecuting the appeal.").

14

on the role of a reviewing court . . . rather than a trial court when a criminal conviction from [a jury trial in] magistrate court is appealed to it . . . ."[25]

Conversely, the defendant appealing from a nonjury trial in magistrate court has no electronic recording of that trial upon which he may rely to prosecute his appeal to circuit court; yet he is still a "person convicted of an offense in magistrate court" who "may appeal [that] conviction to circuit court as a matter of right . . . ."[26] To ensure that such a defendant's appeal by right under § 50-5-13(a) remains meaningful, however, the Legislature directed in § 50-5-13(b) that "the hearing on the appeal before the circuit court shall be a trial de novo, triable to the court, without a jury." Ultimately, we ascertain that in § 50-5-13(b), the Legislature expressed its intent that when a defendant appeals a conviction in magistrate court to circuit court under § 50-5-13(a), the form of the

---

[25] *State ex rel. Collins v. Bedell*, 194 W. Va. 390, 395, 460 S.E.2d 636, 641 (1995); *see also Bergstrom*, 196 W. Va. at 659, 474 S.E.2d at 589; *see Martin v. W. Va. Div. of Lab. Contractor Licensing Bd.*, 199 W. Va. 613, 618, 486 S.E.2d 782, 787 (1997) (noting that because § 50-5-8(e) begins with the phrase "'[f]or purposes of appeal[,]' . . . it appears that the legislature did not intend magistrate court to be courts of limited record for any purpose other than appeal," a view "supported by the fact that the legislature also amended the statutory provisions pertaining to the method to be used by the circuit court in hearing appeals from magistrate court proceedings").

[26] W. Va. Code § 50-5-13(a).

15

proceeding in circuit court depends upon whether the magistrate court functioned as a court of limited record for purposes of appeal at the time the defendant was convicted.

Having ascertained the legislative intent behind § 50-5-13(b), we are now left to effect it in these circumstances. We have already established that Mr. Folse is eligible to appeal his conviction under § 50-5-13(a), meaning that the scope of his hearing on appeal to the circuit court depends on whether the magistrate court functioned for purposes of appeal as a court of limited record at the time of his conviction. It did not. So, as is the case with appeals from bench trials conducted in magistrate court, the hearing of Mr. Folse's appeal before the circuit court must be a trial de novo, to the circuit court, to allow Mr. Folse to meaningfully exercise his right to appeal under § 50-5-13(a).[27]

The State's arguments to the contrary are not compelling. First, the State cites § 50-5-13(b) and (d) and asserts that "[t]he entry of a no contest or guilty plea on the record in magistrate court is treated in a similar manner [as a jury trial in magistrate court] and decided on the record." We have already construed § 50-5-13(b) as affording Mr.

---

[27] The State represents that Mr. Folse "asserts that he was entitled to a *de novo* trial under West Virginia Code § 50-5-13(e)." That is only partially correct. Mr. Folse first maintains that he is entitled to a trial de novo to the circuit court under § 50-5-13(b) and (d). Only then does he argue that "at bare minimum, [he] would be entitled to such review on appeal," i.e., review under § 50-5-13(e). We do not read Mr. Folse's position as limited to seeking review under subsection (e), and in other portions of its brief, the State concedes as much.

16

Folse a trial de novo to the circuit court because the magistrate court did not conduct the proceedings underlying Mr. Folse's appeal as a court of limited record. Section 50-5-13(d) does not undo that construction.[28]

The State also cites *State v. Garman*, attempting to bolster its argument that the hearing on appeal is to be decided on the magistrate court record, alone.[29] There, the defendant entered a plea of no contest in magistrate court *while represented by counsel*, placing him in the category of defendants subject to § 50-5-13(e).[30] As noted above, subsection (e) does away with the appellate rights of such defendants except "where an extraordinary remedy would lie," so that in *Garman*, the circuit court properly entertained the defendant's appeal contesting the voluntariness of his plea.[31] In doing so, "the circuit

---

[28] *Cf.* Syl. Pt. 3, *State ex rel. DeCourcy v. Dent*, 240 W. Va. 163, 807 S.E.2d 834 (2017) ("An appeal of a civil action tried before a magistrate without a jury under West Virginia Code § 50-5-12(b)(2016) [governing appeals from civil proceedings in magistrate court] shall be a trial de novo, meaning a new trial in which the parties may present new evidence including witness testimony not presented in magistrate court.").

[29] *Garman*, 2014 WL 1673031.

[30] *Id*. at *2.

[31] *See* W. Va. Code § 50-5-13(e) (stating that "there shall be no appeal from a plea of guilty where the defendant was represented by counsel at the time the plea was entered: Provided, That the defendant shall have an appeal from a plea of guilty where an extraordinary remedy would lie or where the magistrate court lacked jurisdiction"); *see, e.g.*, *Montgomery v. Ames*, 241 W. Va. 615, 626, 827 S.E.2d 403, 414 (2019) ("A habeas petitioner seeking to overturn his guilty plea bears the burden of persuasion with respect to the voluntariness of the plea.").

17

court held a hearing to take evidence on the circumstances of the entry of the plea," as there was "no record of the plea hearing."[32] Ultimately, the circuit court denied the defendant's appeal, and this Court affirmed.

In citing *Garman*, the State appears to be advocating for, as Mr. Folse puts it, a "*Garman* style" hearing in circuit court on the limited issue of the voluntariness of his no-contest plea. In its current iteration, § 50-5-13 does not permit us to follow the State's lead. As discussed above, Mr. Folse is not subject to § 50-5-13(e), so *Garman* cannot apply to limit the scope of Mr. Folse's appeal to the voluntariness of his no-contest plea. Further, we held in *State ex rel. O'Neill v. Gay*, that "[p]ursuant to the provisions of *W. Va.Code*, 50-5-13 [1976], a defendant who pleads guilty in magistrate court to a criminal offense may appeal to circuit court, and to obtain such an appeal, the defendant need not allege error committed by the magistrate court."[33] It is true that following *O'Neill*, the Legislature amended § 50-5-13 to include the limiting language that now appears in subsection (e).[34]

---

[32] *Garman*, 2014 WL 1673031, at *2.

[33] Syl., *State ex rel. O'Neill*, 169 W. Va. at 16, 285 S.E.2d at 637 (superseded in part by West Virginia Code § 50-5-13 (1984)).

[34] *See* 1984 W. Va. Acts 712; *State v. Kerns*, 183 W. Va. 130, 133−34 n.4, 394 S.E.2d 532, 535−36 n.4 (1990) ("Prior to the 1984 amendment to *W.Va.Code,* 50-5-13, this Court had held that any defendant who pleads guilty in magistrate court to a criminal offense may appeal to a circuit court.") (citing Syl., *O'Neill*, 169 W. Va. at 16, 285 S.E.2d at 637).

But the Legislature went no further, so that our holding in *State ex rel. O'Neill v. Gay* is superseded only partially, and persists with regard to those defendants—such as Mr. Folse—who do not fall within the ambit of § 50-5-13(e).[35]

---

[35] At oral argument, the State urged this Court to affirm the circuit court's order because Mr. Folse did not timely file an appeal from the judgment order in magistrate court. The State admitted that it had not raised this argument in its response brief; still, the State suggested that it would be proper for this Court to act on the argument because we may "'affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment.' Syllabus point 3, *Barnett v. Wolfolk*, 149 W.Va. 246, 140 S.E.2d 466 (1965)." Syl. Pt. 2, *Adkins v. Gaston*, 218 W. Va. 332, 624 S.E.2d 769 (2005). The State's suggestion overlooks that, except in extraordinary or exceptional circumstances, the Court,

> limit[s] a party to asserting the issues and arguments in an appeal to those clearly set forth in a party's brief . . . because raising an issue or argument in an appellate brief provides the necessary notice to both this Court and the opposing party as to what they confront so each can adequately prepare and discharge their respective responsibilities.

*Argus Energy, LLC v. Marenko*, ___ W. Va. ___, 887 S.E.2d 223, 228 (2023).

Finally, during oral argument, the State alluded to its concern that the timeliness of Mr. Folse's appeal was a jurisdictional matter. "In cases dealing with subject matter jurisdiction, the rule against raising a new issue or argument in oral argument—premised as it is on principles of waiver—does not apply . . . ." *Id.* at ___, 887 S.E.2d at 229. Regardless, even if the State is correct that the timeliness of Mr. Folse's appeal has jurisdictional implications, it also implies factual questions that this Court cannot resolve in the first instance.

19

## IV. CONCLUSION

For the reasons discussed above, we reverse the circuit court's order of November 1, 2021, and remand this matter for further proceedings in accordance with this Opinion.

REVERSED AND REMANDED WITH DIRECTIONS.